WAY, RESPONDENT, *v.* SHERMAN ET AL., APPELLANTS.

(No. 1,868.)

(Submitted April 21, 1904.   Decided May 23, 1904.)

*Trial by Referee—Erroneous Admission of Evidence—Appeal —Conflicting Evidence.*

1. Admission of immaterial evidence in an action tried by a referee is not ground for reversal, there being sufficient competent evidence to sustain the judgment.
2. The judgment, so far as it depends on findings of fact, will not be disturbed on conflicting evidence.

*Appeal from District Court, Silver Bow County; William Clancy, Judge.*

ACTION by Charles M. Way, doing business as the Minneapolis Bedding Company, against E. H. Sherman and another, doing business as the Sherman Mattress Company, and another.   Judgment for plaintiff.   From the judgment, and an order denying their motion for a new trial, defendants appeal. Affirmed.

*Mr. J. K. Macdonald, Mr. T. Bailey Lee,* and *Mr. T. J. Walsh,* for Appellants.

There cannot be a delivery of goods to a carrier without reasonable notice, and, "if goods are placed on his cart, boat or car without his knowledge or acceptance, or that of his agent, he is not liable." (*Illinois Central Ry. Co.* v. *Smyzer,* 38 Ill. 354, 87 Am. Dec. 303, citing Angell on Carriers, Sec. 140; *Packard* v. *Getman,* 6 Cow. 757, 16 Am. Dec. 475; Lawson's Rights, Remedies and Practice, Vol. 4, Sec. 1805, p. 3099; Hutchinson on Carriers, 82, 96; *Grosvenor* v. *N. Y. C.,* 36 N. Y. 34; *Robertson* v. *Walter,* 51 Ala. 484.)

The evidence showed that the shoddy, if delivered at all, was shipped as rags, and the referee so found; also that the defend-

ants were ignorant of the manner in which it was shipped. The evidence also showed that shoddy took a different classification from rags and a higher freight rate. Also, that shoddy was more combustible than when in the rag form. The rule is; "If any fraud or unfair concealment is used, the carrier will not be responsible for any loss and it will make the contract between them null and void." (*Hayes* v. *Wells, Fargo & Co.,* 23 Cal. 185; *Relf* v. *Rapp,* 3 Watts & Ser. 21, 37 Am. Dec. 528; *Coxe* v. *Heiseley,* 79 Pa. St. 243; *Savannah, Florida Western Railway Co.* v. *Collins,* 71 Ga. 376, 4 Am. St. Rep. 87; Hutchinson on Carriers, 211; *Pac. Ex. Co.* v. *Pitman,* 71 S. W. 312; *Chicago* v. *Shea,* 66 Ill. 471; *Shackl* v. *S. C. Co.,* 28 L. R. A. 176; *Charleston* v. *Moore,* 5 S. E. 769.)

It is a rule governing the delivery of goods to a common carrier so that it shall be considered a delivery to the consignee, that the shipper shall exercise such care in shipping that, in case of loss, the consignee shall have recourse against the common carrier. (Parsons on Contracts, 8th Ed., Vol. 1, bot. p. 556, and note; Benj. Sales, 6th Ed., p. 669; *Clarke* v. *Hutchins,* 14 East. 475; *Buckman* v. *Levi,* 3 Camp. 414; *Cothay* v. *Tute,* 3 Camp. 129; Kent's Com., 12th Ed., Vol. 2, bot. p. 693.)

The referee apparently recognized the correctness of the contention that, if a fraud were practiced upon the common carrier by the shipper, it would not constitute a delivery to the buyer; but he held that it was "necessary for the defendants to show that the railroad company, as such common carrier, was ignorant of the fact that the shoddy described in the complaint was shipped as rags," citing Jones on Evidence, Secs. 178 to 180. The referee might as well have said that, as the common carrier could not have been held if there was negligence in the loading of the shoddy in the car, it devolved upon the plaintiff to prove, before he could recover, that there was no such negligence. It was no more necessary to prove one of these negatives than the other. It was proven that rags took one classification (D, .75c.), shoddy another (3d class, $1.75). The law

presumes that things are done regularly, and it is he who seeks to establish the contrary who has the burden of proof. It was shown by the plaintiff's testimony that the shoddy was shipped as rags, and the referee so found. This, upon its face, shows a deception, provided the ordinary course of business was followed. That there is always a presumption "that the ordinary course of business has been followed," see the following: Rice on Evidence, Vol. 1, p. 57; Ency. of Law, 1st Ed., Vol. 19, p. 52.

If the plaintiff's transaction with the railroad, though unusual and irregular, was an honest one, it was easy for him to explain it, but that he failed to do. He was asserting a delivery to a common carrier. The defendant denied that assertion. The plaintiff's proof, therefore, without some explanation of his irregular shipment, utterly failed to prove his allegation of delivery to the carrier. Whether plaintiff notified the railroad company that it was shoddy he was shipping as "rags," was something peculiarly within his knowledge, and he should have shown that affirmatively, rather than that the defendant should be required to take up and prove the negative. (Gr. Ev., 15th Ed., Sec. 79; Jones, Ev., Sec. 179.)

*Mr. J. M. Hinkle,* for Respondent.

MR. COMMISSIONER CALLAWAY prepared the following opinion for the court:

This action was brought to recover the sum of $218.86 for one carload of shoddy alleged to have been sold and delivered by plaintiff to defendants. It was alleged that the shoddy was delivered to the defendants on board the cars of the Great Northern Railway Company at Minneapolis. Defendants denied the sale and delivery. The defendants did not receive the shoddy from the railway company. It seems that it was destroyed while in the company's charge. By agreement of counsel the lower court referred the cause to J. L. Wines, Esq., to take testimony, with directions to report the same with his con-

clusions of fact and law. The referee did as directed, and reported, as his findings and conclusion, that the plaintiff should have judgment as prayed for. Thereupon the court adopted the referee's report and entered judgment in accordance therewith. The defendants moved for a new trial, which was denied. From the judgment, and order denying their motion for a new trial, they have appealed.

The only question raised by defendants is that of delivery. The case was tried upon the theory that, if the shoddy was delivered to the Great Northern Railway Company at Minneapolis, the defendants are liable; otherwise not. It appears that at the time of the alleged delivery the tariff on shoddy was $1.75 a hundred in carload lots, while that on rags was but $.75 a hundred. Plaintiff shipped the shoddy as rags, at defendants' instance, as he claimed. The shoddy was encased in burlap, and was thus concealed, so that one could not tell from the appearance of the packages whether they contained shoddy or rags.

It is contended by defendants that there never was a delivery to the railway company, because it is not shown that any authorized agent of the company received the shoddy, and because the plaintiff worked a fraud on the railway company when he shipped shoddy as rags. Much interesting discussion has been indulged in by counsel, but under the view we take of this case its consideration is unnecessary.

Granting that some immaterial evidence was admitted, there is sufficient competent evidence in the record to sustain the judgment. (*Lane* v. *Bailey,* 29 Mont. 548, 75 Pac. 191.) There was evidence strongly tending to show that the shoddy was delivered to the railway company, and that it knew plaintiff was shipping shoddy as rags. The evidence was conflicting, and upon it both the referee and court found for the plaintiff. Under such circumstances the judgment will not be disturbed. (*Nelson* v. *Great Northern Ry. Co.,* 28 Mont. 297, 72 Pac. 642; *Hefferlin* v. *Karlman,* 29 Mont. 139, 74 Pac. 201.)

We are therefore of the opinion that the judgment must be affirmed.

PER CURIAM.—For the reasons given in the foregoing opinion, the judgment is affirmed.

MR. CHIEF JUSTICE BRANTLY, deeming himself disqualified, takes no part in this decision.