JENDERSON, Appellant, *v.* HANSEN, Respondent.

(No. 3,458.)

(Submitted January 8, 1915. Decided January 23, 1915.)

[146 Pac. 473.]

*Contracts of Sale—Payment on Delivery—Breach by Buyer—*
*Checks—Telephone Conversations—Evidence—Admissibility—*
*Cross-examination — Instructions — Assumption of Fact —*
*Proper Refusal.*

Sales—Delivery and Payment Concurrent—Condition Precedent to Delivery—
Breach.
1. Where delivery of a carload of oats and payment therefor were
to be concurrent at shipping point, the buyer was required, in his
action for breach of the contract of sale, to show an offer and ability
to pay at that point.

[As to acceptance and delivery of goods which will satisfy sales, see
notes in 49 Am. Dec. 325; 37 Am. Rep. 16; 96 Am. St. Rep. 215.]

Same—Checks—Evidence—Admissibility.
2. Plaintiff having alleged in his complaint that he had given to de-
fendant a check as part payment to insure acceptance of the oats,
evidence that upon inquiry of the bank upon which it was drawn,
whether it was good, a negative answer was received, was properly
admitted.

[As to presumption arising from delivery of bank check, see note
in 1913D, 1203.]

Same—Checks—Proper Cross-examination.
3. Cross-examination of plaintiff, who had testified that he had given
a check for $100 in part payment, whether he had to exceed half that
amount in the bank at that time, was proper.

Same—Checks—Telephone Conversations—Evidence—Admissibility.
4. Inquiry of the bank on which a buyer had given him a check,
whether there were funds sufficient to meet it, could properly be made
by the seller in person, or by telephone, or through another; hence
evidence that the desired information was obtained through the medium
of an employee of another bank by telephone was admissible.

Instructions—Assumption of Fact—Proper Refusal.
5. An instruction requested by plaintiff which assumes as a basis for
the defense facts which were not supported by the evidence, was
properly refused.

*Appeal from District Court, Powell County; Geo. B. Winston,*
*Judge.*

Action by R. E. Jenderson against R. E. Hansen. Judgment
for the defendant, and plaintiff appeals from it and an order
overruling his motion for a new trial. Affirmed.

*Mr. T. F. Shea,* for Appellant, submitted a brief and argued the cause orally.

*Messrs. Scharnikow, Paul & Jordan,* for Respondent, submitted a brief; *Mr. Jordan* argued the cause orally.

One of the requisites, on the part of a purchaser, for breach of contract, before bringing an action is that he must be able to perform the conditions, and especially the concurrent conditions to be performed by him. (Sec. 4903, Rev. Codes; *Porter* v. *Plymouth Gold Min. Co.,* 29 Mont. 360, 101 Am. St. Rep. 569, 74 Pac. 938; *Granay* v. *McCleese,* 2 Jones (N. C.), 142, 64 Am. Dec. 576.)

Where nothing is said, and no time stipulated as to payment, the sale is understood to be for cash, and the payment and delivery are concurrent acts, and the vendor may refuse to deliver without payment. (*Offutt* v. *Wells,* 42 Ala. 199; *Cole* v. *Swanston,* 1 Cal. 51, 52 Am. Dec. 288; *Messenger* v. *Woge,* 20 Colo. App. 275, 78 Pac. 314; *Ainsworth* v. *Roush,* 109 Ill. App. 299; *Rous* v. *Walden,* 82 Ind. 238; *National. Construction Co.* v. *Vulcanite P. C. Co.,* 192 Mass. 247, 78 N. E. 414; *Frazier* v. *Atchison, T. & S. F. Ry. Co.,* 104 Mo. App. 355, 78 S. W. 679; *Baker* v. *McDonald,* 74 Neb. 595, 1 L. R. A. (n. s.) 474; 104 N. W. 923; *Poliakoff* v. *Petry,* 99 N. Y. Supp. 481, 50 Misc. Rep. 602; *Howard* v. *Emerson* (Tex. Civ. App.), 65 S. W. 382; *Kitson Machine Co.* v. *Halden,* 74 Vt. 104, 52 Atl. 271; 35 Cyc. 262.) The promise to deliver, involved in an agreement of sale, and the promise to pay the purchase money, are mutually dependent. Neither party is bound to perform without contemporaneous performance by the other. Payment of the price is the condition upon which alone the purchaser can require the seller to complete the sale and delivery of the property. (*Lewis* v. *Craft,* 39 Or. 305, 64 Pac. 809.) So where a sale is made for payment on delivery, the delivery and payment are concurrent conditions, binding upon each party to the transaction, consisting of the obligation on the part of the seller to deliver and the buyer to pay. (*Porter* v. *Plymouth Gold Min. Co.,* 29

Mont. 360, 101 Am. St. Rep. 569, 74 Pac. 938; *Fishback* v. *Van Dusen,* 33 Minn. 111, 22 N. W. 244; *Cadwell* v. *Blake,* 6 Gray, 402; *Warren* v. *Wheeler,* 21 Me. 484; *Day* v. *Bassett,* 102 Mass. 445; *Phillips* v. *Williams,* 39 Ga. 597; *Hutchings* v. *Munger,* 41 N. Y. 155; *Williams* v. *Healey,* 3 Denio, 363.)

Where a witness testifies that he conversed with a certain person over the telephone, it clearly implies that he recognized the voice. (*Galt* v. *Woliver,* 103 Ill. App. 71; *State* v. *Usher,* 136 Iowa, 606, 111 N. W. 811; *Wolfe* v. *Missouri Pac. Ry. Co.,* 97 Mo. 473, 10 Am. St. Rep. 331, 3 L. R. A. 539, 11 S. W. 49; *Oskamp* v. *Gadsden,* 35 Neb. 7, 37 Am. St. Rep. 428, 17 L. R. A. 440, 52 N. W. 718.) In *Godair* v. *Ham Nat. Bank,* 225 Ill. 572, 116 Am. St. Rep. 172, 8 Ann. Cas. 447, 80 N. E. 407, the court, after citing the case of *Wolfe* v. *Missouri Pac. Ry. Co., supra,* said: "While the weight to be given to such a conversation is to be determined by the jury, we think the reasoning in the *Wolfe Case* satisfactory, and are of the opinion that the court did not err in admitting the evidence." (See, also, *Barrett* v. *Magner,* 105 Minn. 118, 127 Am. St. Rep. 530, 117 N. W. 245.)

MR. JUSTICE SANNER delivered the opinion of the court.

Appeal by plaintiff from a judgment entered against him on a verdict of the jury, and from an order overruling his motion for new trial. His contentions are: That the verdict and judgment are not warranted by the evidence; that the court erred in certain rulings upon the exclusion and admission of testimony; that the court erred in refusing a certain offered instruction numbered 13.

The action is upon a contract entered into in February, 1912, incompletely evidenced by the following memorandum delivered to plaintiff by defendant: "This is to show that I have sold one car of oats to be loaded at Garrison at $1.15 per hundred. R. E. Hansen." It was alleged by the plaintiff that he tendered defendant $100 as part payment and has been at all times "ready, willing, and able to do and perform all things" required

of him by the contract, but that defendant refused to deliver the oats, notwithstanding demand, to the plaintiff's damage. The effect of the amended answer is to deny the tender of $100 as part payment, the defendant's refusal to deliver, and the damages, and to allege that the oats were to be delivered at Garrison upon payment therefor at the price stated; that the defendant was ready at all times to deliver and offered to deliver the oats; that he frequently requested plaintiff to receive and pay for the same as agreed, but plaintiff failed and refused so to do. The reply admits that defendant frequently requested plaintiff to come and receive the oats and pay for the same.

1. There was ample evidence to sustain the defendant's con-
[1] tention that delivery and payment were to be concurrent, at Garrison; and this contention the jury necessarily upheld by their verdict. The plaintiff was therefore required to show an offer and ability to receive the oats and pay for them at Garrison. (Rev. Codes, sec. 4903; *Porter* v. *Plymouth Gold Min. Co.,* 29 Mont. 347, 101 Am. St. Rep. 569, 74 Pac. 938.) That he did not do this is clear from his own insistence that payment was to be made upon delivery to him at Butte, as well as from other circumstances disclosed in the record.

2. After the contract was entered into, and as part payment to insure the acceptance of the oats, plaintiff gave defendant
[2, 3] a check for $100 on the State Savings Bank of Butte. The defendant took the check to the Larabie Bank at Deer Lodge to ascertain through inquiry of the State Savings Bank whether it was good. The inquiry was conducted by Mr. Gullette, and the answer was that there were not sufficient funds to meet it. Error is assigned upon the admission of this evidence, and also because the court required the plaintiff on cross-examination to answer if he had to exceed $50 in bank when the check was given. Whether the check was good or not was pertinent under the allegations of the complaint and upon the version of the contract sought to be maintained by the plaintiff. He had on his direct examination testified in

support of his version and to the giving of the check. This was sufficient to warrant the cross-examination complained of.

As to the inquiry, it could have been made of the State Sav-
**[4]** ings Bank by the defendant in person. Of this there is not and cannot be any question. If he could make it in person he could make it by telephone. (*Barrett* v. *Magner,* 105 Minn. 118, 117 N. W. 245, 127 Am. St. Rep. 531, and note, p. 538 *et seq.*) ; and if he could make it directly he could make it through another.

3. Refusal of instruction No. 13 was entirely justified. It assumes a presentment of the check for payment at the Larabie
**[5]** Bank and refusal by that bank, as a basis for defendant's position. There was no such evidence and the defendant took no such position.

The judgment and order appealed from are affirmed.

*Affirmed.*

MR. CHIEF JUSTICE BRANTLY and MR. JUSTICE HOLLOWAY concur.

