MONTANA LIVESTOCK & LOAN CO., RESPONDENT, *v.* STEWART, APPELLANT.

(No. 4,163.)

(Submitted June 2, 1920. Decided June 25, 1920.)

[190 Pac. 985.]

*Contracts of Sale—Breach—Measure of Damages—Evidence— Banks and Banking —Checks — Dishonor — Instructions — Harmless Error.*

Contracts of Sale—Breach—Measure of Damages.
1. The measure of damages for breach of a contract to sell livestock was the difference between the contract price and their reasonable market value at the time and place of delivery.
Same—Erroneous Admission of Testimony—Harmless Error.
2. Where the trial court correctly instructed the jury on the measure of damages as above, error in admitting testimony that the stock had been sold at a figure representing an advance over the contract price was harmless, the witness stating in addition that the reasonable market price of the animals at place of destination was the amount realized on resale.
Same—Banks and Banking—Checks—Varying Terms of Writings.
3. After a check given in part payment is accepted, it supersedes oral negotiations of the parties to the contract with reference to the payment, and testimony of purported statements concerning it by the maker either before or after its return by the bank to which it was presented for payment but upon which it was not drawn was inadmissible as an attempt to vary the terms of a written instrument.

Appeal and Error—Admission of Immaterial Evidence—Effect on Judgment.

4. Admission of concededly immaterial evidence is not sufficient to justify reversal of a judgment; such result following only for error materially affecting the appellant's rights on the merits of the case.

Contracts of Sale—Banks and Banking—Checks—What Constitutes Dishonor.

5. Inquiry by telephone of a bank upon which the buyer of live-stock had drawn a check in part payment, whether it would guarantee the check and the bank's refusal, coupled with a statement by the cashier of his opinion that it would be paid when presented, did not amount to a dishonor of the check nor justify the seller in his refusal to carry out the contract, since a check can only be dishonored by presentment either directly to the bank on which it is drawn or through another bank in which it is deposited for collection.

Same—Checks—Dishonor—Correct Instruction.

6. An instruction that a contract of sale could not be avoided or rescinded for nonpayment of a check given in part payment without presentment of the check to the bank on which it was drawn and refusal of payment was not open to the objection that it advised the jury that the check must be presented to the bank in person.

*Appeal from District Court, Yellowstone County; A. C. Spencer, Judge.*

ACTION by the Montana Livestock & Loan Company against William Stewart. From a judgment for plaintiff, and an order denying his motion for new trial, defendant appeals. Affirmed.

*Mr. E. E. Enterline* and *Mr. J. W. Snellbacher,* for Appellant, submitted a brief; *Mr. Snellbacher* argued the cause orally.

Taking a check or draft which is dishonored and proves to be worthless does not amount to payment. Nor according to the weight of authority does it constitute a waiver of cash payment so as to pass title to a vendee which he can pass to a stranger, even though the latter is a *bona fide* purchaser or the like. (Elliott on Contracts, sec. 5040; *McIver* v. *Williamson-Halsell-Frasier Co.,* 19 Okl. 454, 13 L. R. A. (n. s.) 696, 92 Pac. 170; *Johnson* v. *Iankovetz,* 57 Or. 24, 29 L. R. A. (n. s.) 709, 102 Pac. 799, 110 Pac. 398.) And this court in the case of *Pasha* v. *Bohart,* 45 Mont. 76, Ann. Cas. 1913C, 1250, 122 Pac. 284, held that where personal property was sold upon

condition that the purchaser should execute and deliver to the seller a bankable note and the purchaser took possession of the goods and failed to execute and deliver such note, the seller had a right to treat the sale as a cash transaction and sue for the purchase price. In the case of *Johnson* v. *Iankovetz, supra,* the evidence tended to establish that the sale of personal property was a cash sale. The buyer gave a check. It developed that the check so given was worthless because the maker had no funds in the bank upon which it was drawn. After making the purchase and taking possession of the goods, the purchaser sold them to another and the seller brought an action of replevin against the last purchaser. The court sustained the action upon the ground that title to the goods had never passed between the parties to the first transaction.

It would seem that where it is understood that the sale is to be a cash transaction, then the vendor of personal property should have the right to prove that a check taken as part payment of the purchase price of goods was received by him upon an understanding and agreement that the same could be cashed at a certain bank whenever presented by such vendor.

*Messrs. Johnston & Coleman,* for Respondent, submitted a brief; *Mr. H. J. Coleman* argued the cause orally.

Having accepted the check, it was incumbent upon Stewart to present it for payment at the bank upon which it was drawn. Having failed to do this, his further acts in repudiating the contract were without justification. "It is an elementary principle that the holder of the check upon a bank has no recourse upon the drawer until he has presented it to the bank upon which it was drawn and payment has been refused." (5 R. C. L., par. 68.) "While, in the absence of agreement, a check received for a debt is merely conditional payment, its acceptance implies an undertaking of due diligence in presenting it for payment." (5 R. C. L., sec. 25; *Manitoba Mortgage & Inv. Co.* v. *Weiss,* 18 S. D. 459, 112 Am. St. Rep. 799, 5 Ann. Cas. 868, 101 N. W. 37; *Noble* v. *Dough-*

*ten,* 72 Kan. 336, 3 L. R. A. (n. s.) 1167, 83 Pac. 1048; *Watt v. Gans,* 114 Ala. 264, 62 Am. St. Rep. 99, 21 South. 1011; *Kennedy* v. *Jones,* 140 Ga. 302, Ann. Cas. 1914D, 355, 78 S. E. 1069; *First Nat. Bk.* v. *Currie,* 147 Mich. 72, 118 Am. St. Rep. 537, 11 Ann. Cas. 241, 9 L. R. A. (n. s.) 698, 110 N. W. 499.)

A check is payment until dishonored. (*National Park Bank* v. *Levy,* 17 R. I. 746, 19 L. R. A. 475, 24 Atl. 777; *Parker-Fain Grocery Co.* v. *Orr,* 1 Ga. App. 628, 57 S. E. 1074.)

We therefore contend that, having accepted the check drawn upon the Bank of Montana, defendant was bound to present the same for payment at that bank; that until the same had been presented there for payment and been dishonored he had no justification in refusing to complete the contract; that any oral statements which may have been made at the time of the giving and acceptance of this check, which tended to contradict the statement contained in the check as to the place of payment, were properly excluded by the court. (*Woodworth* v. *Bank of America,* 19 Johns. (N. Y.) 391, 10 Am. Dec. 239; *Specht* v. *Howard,* 16 Wall. 564, 21 L. Ed. 348 [see, also, Rose's U. S. Notes]; *Shirts* v. *Rooker,* 21 Ind. App. 420, 52 N. E. 629; *Ford* v. *Drake,* 46 Mont. 314, 127 Pac. 1019; *Fisher* v. *Briscoe,* 10 Mont. 124, 25 Pac. 30; *Farwell* v. *St. Paul Trust Co.,* 45 Minn. 495, 22 Am. St. Rep. 742, 48 N. W. 326; *Simonton* v. *Shaw,* 246 Fed. 683, 158 C. C. A. 639; *Brown* v. *Spofford,* 95 U. S. 474, 480, 24 L. Ed. 508, 509 [see, also, Rose's U. S. Notes]; *McKenney* v. *Ellsworth,* 165 Cal. 326, 132 Pac. 75; Parson on Bills & Notes, sec. 521.)

Under the authorities, presentment can only be made by an actual exhibition of the check, and a demand for the payment thereof at the place upon which it is drawn. Undoubtedly the telephone occupies an important place in the commercial and social life of to-day, but under the authorities, presentment for payment of a check cannot be accomplished by its use. (*Gilpin* v. *Savage,* 201 N. Y. 167, Ann. Cas. 1912A, 861, 34 L. R. A. (n. s.) 417, 94 N. E. 656.)

MR. JUSTICE MATTHEWS delivered the opinion of the court.

This action was brought to recover damages for the alleged breach of a contract of sale of certain sheep, and resulted in a judgment for the plaintiff. The defendant appeals from the judgment and from the order of the court denying his motion for a new trial.

The controversy between the plaintiff and defendant arose over a check given defendant by one McCain, as agent of the plaintiff, at the time of making the contract, as part payment on the sheep. The check was drawn on the Bank of Montana, of Billings. It was taken by defendant to the Custer State Bank, where the cashier refused to cash the check, as he stated, "without knowing something about it." According to the testimony of defendant, he then had the cashier call up the cashier of the Billings bank and inquire whether the bank would *guarantee* the payment of the check. On being informed that the bank would not do so, defendant returned the check, and notified the plaintiff that he would not deliver the sheep.

The brief of defendant contains thirty-four specifications of error, grouped in argument under eight heads.

I. Specifications 1, 2, 8, 9, 10, 11 and 12 go to the admission of evidence concerning the sale of the sheep mentioned in the contract, to outside parties immediately after the contract [1, 2] was entered into, at $6 per head, or an advance of thirty-five cents per head over the contract price.

The measure of damages in this case was, of course, the difference between the contract price and the reasonable market value of the sheep at the time and place of delivery, and it is possible that, standing alone, the admission of such evidence would constitute reversible error. However, each of the witnesses, in addition to testifying to the contract price on resale, testified that the reasonable market value of the sheep at Custer was $6 per head, and this evidence of the market value was corroborated by other evidence. The effect of the testi-

mony complained of was therefore that they agreed to pay the reasonable market price for the animals for which they bargained. (*Lehrkind* v. *McDonnell*, 51 Mont. 343, 153 Pac. 1012.)   The court thereafter correctly instructed the jury as to the measure of damages, and, as this court said in the case of *Shandy* v. *McDonald*, 38 Mont. 393, 100 Pac. 203: "This instruction excluded from the consideration of the jury all other evidence as to the value of these animals.   Therefore it is unnecessary to express an opinion as to the propriety of the ruling."

While the admission of such testimony constituted error, it could not have affected the substantial rights of the defendant, and will therefore be disregarded. (Sec. 7118, Rev. Codes; *Church* v. *Zywert, ante*, p. 102, 190 Pac. 291.)

II.   Specifications 3, 4, 13, 14, 15, 16, 21 and 24 are predicated upon the exclusion, on cross-examination of Mc-Cain, of purported statements concerning the check, made before and after its return.   Such testimony was clearly either incompetent or immaterial or an attempt to vary the terms of a written instrument, and the court's action in excluding it was proper.   Whatever the agreement of the parties as to a cash payment down, the check, when accepted, superseded such negotiations, and was "payment until dishonored." (Morse on Banks & Banking, sec. 545.)   The case of *Pasha* v. *Bohart*, 45 Mont. 76, Ann. Cas. 1913C, 1250, 122 Pac. 284, is not in point.

III.   In specifications 5, 6, 7, 19 and 20, defendant complains of the admission of what counsel denominates "immaterial evidence" as to what directions were given by plaintiff to its bank concerning the payment of the check. Counsel, thus admitting the immateriality of the evidence, fails to specify in what particular its admission is prejudicial to the rights of the defendant, and a careful reading of the evidence fails to disclose wherein such testimony could have prejudiced the defendant's rights.   "An appellate court will not reverse a judgment merely because the lower court erred;

it is only when the error has materially affected the appellant's rights on the merits of the case.'' (*Lane* v. *Bailey,* 29 Mont. 548, 75 Pac. 191; *State ex rel. Kohl* v. *District Court,* 46 Mont. 348, 128 Pac. 582; *Way* v. *Sherman,* 30 Mont. 410, 76 Pac. 942.)

IV. It is contended that the action of the Billings bank **[5]** amounted to the dishonor of the check, and justified the defendant in his refusal to deliver the sheep under the contract. Defendant proceeds on the theory that the Billings bank had refused to honor the check, and relies on *Jenderson* v. *Hansen,* 50 Mont. 216, 146 Pac. 473, where it was held that inquiry of the bank as to whether the buyer had funds therein sufficient to meet it could be made in person or by telephone, or through another, and that evidence of a negative answer over the telephone was admissible. However, the facts before us do not bring this case within the rule laid down. According to the testimony of defendant himself, the inquiry was as to whether the bank would ''guarantee'' the payment of the check. This is entirely different from an inquiry as to whether the maker of the check had funds in the bank to meet payment on presentment, or whether it would be paid when presented. In the latter case a negative answer would excuse presentment, as it would be useless, and ''the law neither does nor requires idle acts.'' (Sec. 6200, Rev. Codes.) But, while the bank might be required to advise the payee, over the telephone or otherwise, as to whether a check will be paid on presentment, provided the signature is genuine and the check in due form, it could not be required, under any circumstances short of having certified the check, to guarantee the payment of it.

As heretofore stated, a check is payment until dishonored; it can only be dishonored by presentment at the bank on which it is drawn, in regular form, and refusal of payment. Section 6033, Revised Codes, provides that ''a check is a bill of exchange drawn on a bank payable on demand.'' Section 6035 declares that ''where a check is certified by the bank on

which it is drawn, the certification is equivalent to an accept-ance"; and, under section 6037, "a check of itself does not operate as an assignment of any part of the funds to the credit of the drawer with the bank, and the bank is not liable to the holder, unless and until it accepts or certifies the check."

Sharp, the cashier of the Custer State Bank, called on be-half of the defendant, testified that, in response to his inquiry: "Mr. Langworthy replied those checks drawn by McCain re-quired the O. K. of somebody in the office before he was au-thorized to pay it, but he added the check would undoubtedly be paid when presented." Langworthy, called in rebuttal, testified that he stated that "Without any question the check would be paid when it was presented properly; that if he would give me about five minutes or so, I would call Mr. O.'Donnell on the phone, or see him with reference to this check, and advise him again." Within thirty minutes O'Don-nell advised defendant that the check was perfectly good, and would be paid on presentment, but in the meantime defendant had deposited the check in the postoffice, addressed to the maker.

The statement of Langworthy was not that the check was not perfectly good, taken in the most favorable light to the defendant; it was coupled with the expression of his opinion that it would be paid when presented. It was the duty of the defendant to present the check for payment, either to the bank directly or through another, as by deposit with the Custer State Bank, and collection by it. Having made an informal request of the Billings bank, he should at least have waited a reasonable time for an answer. On receipt of advice that the check would be paid, he could have easily secured the return of the check at the postoffice. Having failed to present the check for payment, defendant was in no position to declare a rescission of the contract for nonpayment.

V. Defendant contends that the court erred in instructing the jury as follows: "The defendant having accepted the

[6] check in question in part payment of the purchase price of .sheep, as evidenced by written memorandum of contract, he could not avoid or rescind the contract for nonpayment of check without having presented the check to the Bank of Montana for payment and having payment refused. Having failed to do so, plaintiff is entitled to recover herein for such damages, if any, as it may have suffered.'' The instruction correctly states the law, and is not open to the complaint that it advised the jury that the check must be presented in person to the bank.

No error was committed in the refusal of instructions not in harmony with the above-quoted instruction.

We find no substantial error in the record, and the judgment and order.of the district court are therefore affirmed.

*Affirmed.*

Mr. Chief Justice Brantly and Associate Justices Holloway, Hurly and Cooper concur.