## WULF, RESPONDENT, v. MANUEL, APPELLANT.

PRACTICE — *Statement on motion for new trial — Proof of service.* — Where it appeared from an affidavit of defendant's attorney that a statement on motion for a new trial was served by leaving the original with the plaintiff's attorneys, who, after retaining it for three days, returned it to defendant's attorney, by whom it was then filed with the clerk of the court and afterwards settled by the judge. *Held*, that the service was good, and that the proof of such service was properly made by the evidence of the person serving the same.

SAME — *Notice of settlement of statement on motion for a new trial.* — A statement on motion for a new trial may be settled by the judge without notice to the adverse party, when no amendments have been filed within the time allowed by law.

SAME — *Hearing of motion without notice.* — A motion for a new trial made by defendant was heard and refused in the absence of plaintiff or his attorneys, and without notice. *Held*, that as the disposition of the motion was favorable to plaintiff there was no error of which he could complain.

SAME — *Motion to strike from the transcript.* — A motion to strike from the transcript a statement on appeal, based upon the objection that the statement is not engrossed and the contents not arranged in chronological order, will be denied where the only offense is an inartistic arrangement of the matters contained therein.

On motion to strike from the transcript the statement on appeal.

*Wade, Toole & Wallace,* for the motion.

*McConnell & Clayberg, contra.*

DE WITT, J. — The case is before us upon respondent's motion to strike from the transcript the statement on appeal. The statement on appeal contains, as a portion thereof, a statement on motion for a new trial. It is at the latter statement as it appears in the former that the motion is particularly directed. The judgment below was for plaintiff. Defendant made a motion for a new trial. The motion was denied. Defendant appeals.

A statement on motion for a new trial appears to have been settled by the district judge. In the statement on appeal appears the respondent's objections to the former statement, which objections he urges as follows :—

1. That the statement on motion for a new trial does not bear thereon any evidence of service of any copy of any statement on motion for new trial, nor notice thereof, either upon the plaintiff or his attorney ; nor is there indorsed thereon any acceptance of service of the statement, copy, or notice. We hold that this objection is not well founded. The statement was settled by the district judge, October 25, 1889. On that day it appears that there was before the judge on file in the case an affidavit of N. W. McConnell, one of appellant's attorneys, dated July 26, 1889, which sets forth in detail that on June 29, 1889, he served upon D. S. Wade, one of respondent's attorneys, the statement by then leaving the original with him ; that July 2d one of respondent's attorneys returned the statement to affiant, who then filed it with the clerk of the court. This was a good service. The law provides that the moving party must prepare a draft of the statement, and serve the same, or a copy thereof, upon the adverse party. (Subd. 3, § 298, Code Civ. Proc.) The proof of such service was equally good. It is naturally made by the evidence of the person serving the paper. Such proof was made by a lengthy affidavit of such person, and was before the judge on making the settlement. An acceptance of service, indorsed upon a paper, relieves the party wishing to prove the fact from so

doing. It would be a monstrous practice if the party on whom service was made could refuse or neglect to admit service in writing on the paper, and then claim that no service could be made to appear by evidence.

2. The respondent objects that the statement on motion for a new trial was settled by the court, in the absence of the plaintiff and his attorneys, and without any notice of its settlement to either of them. The statute is clear upon this subject. The respondent was not entitled to any notice of the settlement, for the reason that he had filed no amendments to the proposed statement. "If no amendments are served within the time designated, . . . . the proposed statement . . . . may be presented to the judge or referee for settlement, without notice to the adverse party." (Subd. 3, § 298, Code Civ. Proc.)

3. Respondent complains that the motion for a new trial was heard and disposed of in the absence of plaintiff and his attorneys, and without notice to them. This seems to be the fact. But the respondent cannot complain. The disposition of the motion was in his favor; that is, it was denied. It does not appear that the respondent was injured by the action of the court in sustaining the judgment heretofore rendered in his favor. If his absence had any effect, it seems to have redounded to his advantage. He cannot complain of this.

4. The respondent further complains that the statement on motion for a new trial was settled and allowed, when there was pending and undisposed of what he calls a motion to strike the statement from the files. On July 22d respondent filed the following: "Now comes the plaintiff and moves the court to strike from the files in the above-entitled action the so-called statement on motion for a new trial, and the paper so designated therein, filed, etc., for that there is no proof of a service of a copy thereof upon the plaintiff or his attorney, and for that there was never any service of a copy thereof upon plaintiff or his attorneys, or any waiver thereof, or acceptance thereof, or any service, or waiver of acceptance of service, by plaintiff or his attorneys, or any notice of filing the same." Signed by plaintiff's attorneys. Also, on the same day the following: "To Messrs. McConnell, Carter & Clayberg, atty's for deft.: You will please take notice of plaintiff's motion to strike from the files the so-called state-

ment on motion for new trial filed therein on the second day of July, 1889." Signed by plaintiff's attorneys. Service admitted by defendant's attorneys. There was filed with the above nothing whatever in support of the recitals therein. It must be presumed that plaintiff relied upon the record. Without passing upon whether the above papers constituted a motion under the provisions of sections 482–484 of the Code of Civil Procedure, it is sufficient here to say that the alleged want of proof or service of statement was amply supplied by the McConnell affidavit, July 26th, which was on file three months before the settlement of the statement, was before the judge on such settlement, and was uncontroverted by any evidence whatever. This matter we have disposed of (paragraph 1, *supra*).

5. Respondent also objects to the form of the statement on appeal, that it is not engrossed, and the matters not in chronological order. The only offense in this respect is that the amendments are placed together at the end of the statement. Such may be the chronological order in which events occurred. The arrangement is inartistic and awkward, but not a transgression of the rule which we think justifies us striking out the whole statement. It is our opinion that the motion should be denied, and it is so ordered.

HARWOOD, J., concurs.

BLAKE, C. J., did not sit in the case, having acted as district judge in the trial below.