SMITH, Respondent, *v.* ZIMMER, Appellant.

(No. 3,318.)

(Submitted November 21, 1913. Decided December 16, 1913.)

[137 Pac. 538.]

*Personal Injuries—Defective Highways—Road Supervisors—Liability for Neglect of Duty—Instructions—Cross-examination.*

Highways—Defects in—Road Supervisors—Duty to Warn—Liability for Injuries.

1. Where a road supervisor, though promptly advised of a washout in his district, omitted for a period of about five months to provide a barrier or give warning of any kind, as a result of which plaintiff, unaware of the defect and unable to see it while driving along the road at night, was injured, the former was *prima facie* liable to the latter in damages.

Same—Proper Cross-examination.

2. A party may not complain of questions on cross-examination, the door to which he himself opened by his direct examination of the witness.

Same—Duty of Road Supervisors—Instructions—Proper Refusal.

3. It being the duty of road supervisors, in the absence of funds to repair a defect in a public road, to give suitable warning, or, if necessary, to barricade the defective portion, an instruction which would have told the jury that such an officer was not liable for personal injuries occasioned by a washout if funds were not available for repair work was properly refused.

*Appeal from District Court, Lewis and Clark County; J. Miller Smith, Judge.*

ACTION by G. W. Smith against Henry Zimmer. Judgment for plaintiff, and defendant appeals from it and an order denying his motion for new trial. Affirmed.

*Messrs. A. P. Heywood* and *Homer G. Murphy,* for Appellant, submitted a brief; *Mr. Murphy* argued the cause orally.

It has been universally held by the courts of every jurisdiction that a lack of funds, or means of procuring them, with which to perform a duty enjoined by law is an absolute defense to an action against a public officer for the nonperformance of such duty; that having such funds or a means to procure them is always a condition precedent to any liability for failure to perform such duty. (Mechem on Public Officers, sec. 701; Elliott on Roads and Streets, 2d ed., sec. 863; *Batdorff* v. *Oregon City,* 53 Or. 402, 18 Ann. Cas. 287, 100 Pac. 937, 940; *Hines* v. *City of Lockport,* 50 N. Y. 236; *Clapper* v. *Town of Waterford,* 131 N. Y. 382, 30 N. E. 240; *Merritt* v. *McNally,* 14 Mont. 228, 241, 36 Pac. 44; *Taylor* v. *Manson,* 9 Cal. App. 382, 99 Pac. 410; *Garlinghouse* v. *Jacobs,* 29 N. Y. 297, 303; see, also, *Smith* v. *Zimmer,* 45 Mont. 282, 125 Pac. 420.)

But it was contended in the court below that inasmuch as appellant did have funds in his hands at a time subsequent to the date of the washout at the point where the accident occurred, but used such funds elsewhere in his district, he is liable in this action. However, without regard to these considerations the authorities with practical unanimity hold that where funds on hand are insufficient to make all the repairs, a road supervisor is not liable for an error in judgment in expending them in one place when another as a fact stood in greater need. (See *Garlinghouse* v. *Jacobs; Taylor* v. *Manson, supra.*)

It was also contended by respondent in the lower court that section 1372 of the Revised Codes imposed a duty upon the road supervisor to remove any obstruction and repair any damage

to the roads in his district, without regard to the other provisions of the statute relating to available funds or directions from the board of county commissioners. But this contention is untenable for the reason that these various sections of the Codes, relating to the duties of road supervisors, were all passed at the same time and are parts of an Act to establish a uniform law governing highways in this state; consequently they must, under familiar principles, be read and construed together. (See *People ex rel. Everett* v. *Ulster County Board of Supervisors,* 93 N. Y. 397; *Clapper* v. *Town of Waterford, supra.*) While section 1372 does permit a road supervisor to call out certain persons within his district in cases of emergency, it is evident that this can only be done under the limitations laid upon such supervisors by sections 1360–1364; that is to say, when he has funds of the county available to him out of which such persons can be compensated. (See *Walnut Township* v. *Heth,* 9 Kan. App. 498, 59 Pac. 289.) If the people ordered out by a road supervisor, in pursuance of this section, refuse to respond, the most that the supervisor could do would be to have them prosecuted for such refusal. A supervisor could not contract for such work as may be necessary to repair such a defect, nor could he incur any expense in making such repairs, or earn any compensation for his labors incident thereto, if, in so doing, he exceeded the apportionment provided for, or the limitations imposed upon him, by sections 1364 to 1369.

In view of the statute, *supra,* if the appellant had proceeded with repairs on the highways in his district and disbursed moneys, or incurred an indebtedness, or earned an amount as his own compensation, he could not have recovered from the county any part of the same that exceeded the apportionment to his district, or that was in violation of the order of the board of county commissioners received by appellant under date of March 13, 1909. His work and disbursements would have been those of a volunteer (*Flynn* v. *Hurd,* 118 N. Y. 19, 22 N. E. 1109); and as to voluntary payments see the recent case of *Penwell* v. *Flickinger,* 46 Mont. 526, 129 Pac. 323.

*Messrs. Walsh, Nolan & Scallon,* for Respondent, submitted a brief; *Mr. C. B. Nolan* argued the cause orally.

MR. JUSTICE SANNER delivered the opinion of the court.

The respondent, plaintiff below, while driving, on the night of October 11, 1909, upon what is known as the Elk creek road— a public highway in road district No. 1, Lewis and Clark county —was precipitated into an unguarded washout, and sustained personal injuries. To recover damages for such injuries, he brought this action against the appellant, who was supervisor of district No. 1, and also against the persons who were at that time county commissioners of Lewis and Clark county, grounding his action upon negligent failure to repair and negligent failure to warn the public of the danger. In consequence of the decision of this court upon a former review of this case (*Smith* v. *Zimmer,* 45 Mont. 282, 125 Pac. 420), the county commissioners ceased to be defendants, and the action proceeded against the supervisor alone. The trial was to the court, with a jury, who, by their verdict, awarded the respondent damages in the sum of $2,000. Judgment upon the verdict was duly entered, and, from that judgment, as well as from an order denying appellant's motion for new trial, these appeals are prosecuted.

So far as the liability of appellant is concerned, the facts disclosed by the present record do not substantially differ from those stated in the former decision by this court. Further reference to them, therefore, need not be made, save to add that the [1] evidence shows the washout to have occurred early in June, 1909; that appellant was promptly advised of it; that he provided no barrier or warning of any kind; that the respondent did not know of the washout; and that he could not see it at the time he was injured. In the former decision we said: "Under the facts appearing in the evidence, a *prima facie* case of liability is made against the defendant Zimmer for failure to make the repairs by removing the obstruction, or, in case he could not do so, for failure to warn the public of the existing condition. * * * At the trial * * * the defendants may be able to

show that the conditions were such that, with the means at their disposal, they were unable to make the necessary repairs; * * * but even this would not excuse the omission to take suitable measures to give notice of the obstruction or to provide suitable barriers to prevent a traveler from being injured by it, if the facts show that such was the case.''

Sixteen errors are assigned presenting these questions, which we answer in their order:

1. Whether two certain questions in the cross-examination of the witness Doty were properly permitted. We think they were [2] properly permitted, because the door was opened for them in the direct testimony of this witness.

2. Whether certain instructions proposed by appellant should have been given. We think not. These instructions proceed [3] on the theory that exoneration of the appellant would follow if his failure to repair was due to lack of funds; they ignore the fact that, under the former decision of this case, it was the appellant's duty, regardless of funds, to suitably warn the public, and, if necessary in the exercise of due care, to barricade the washout.

3. Whether certain instructions, given at the instance of respondent, were justified. We think they were justified by the former decision of this case. All of them may not have been necessary; but objection was not made upon the ground of repetition.

4. Whether the appellant's motion to direct a verdict, and his later motion for a new trial, should have been sustained. We are not favored with any argument directed specifically to the denial of these motions; but the testimony presented a case for the jury, under the former decision of this court. The record does not disclose that any imperative reason was presented to the district court for granting a new trial.

The judgment and order overruling the motion for new trial are therefore affirmed.

*Affirmed.*

MR. CHIEF JUSTICE BRANTLY and MR. JUSTICE HOLLOWAY concur.