WEATHERMAN, RESPONDENT, *v.* REID, APPELLANT.

(No. 4,676.)

(Submitted February 6, 1922.  Decided March 9, 1922.)

[205 Pac. 251.]

*Sales—Breach of Contract—Delivery and Payment Concurrent —Complaint—Offer to Perform — Evidence—Insufficiency— Appeal and Error.*

Sales—Breach of Contract—Pleading—Truth of Allegations—Denial— Estoppel.

1. In an action to recover part payment on a contract for the sale of horses for failure to make delivery at the place designated in it, to-wit, defendant's ranch, which latter allegation was admitted by the answer, plaintiff was estopped to assert on the trial that delivery was to be made at his (plaintiff's) ranch, a party being bound by the allegations of his pleading, especially where his opponent has admitted their truth.

Same—Delivery and Payment Concurrent—Complaint—Offer and Ability to Pay Necessary.

2. Where delivery of chattels and payment for them were to be concurrent, plaintiff in his action for breach of contract was required to show an offer and ability to pay for and receive them at the place of delivery before he could put defendant in default.

Same—Delivery—Offer to Perform—Evidence—Insufficiency.

3. Testimony of plaintiff that he was ready, able and willing to perform his part of the contract was not tantamount to an offer to perform, his readiness and ability being of no effect unless communicated to defendant.

Appeal and Error — Reversal of Judgment With Direction to Dismiss, When.

4. Where the evidence clearly shows that the successful party was not entitled to recover, judgment in his favor will be reversed, with directions to dismiss the complaint.

[62 Mont. 522.]

*Appeals from District Court, Richland County; C. C. Hurley, Judge.*

ACTION by W. H. Weatherman against Robert Reid. From the judgment for plaintiff and an order denying him a new trial, defendant appeals. Reversed.

*Messrs. Brattin & Ketter* and *Mr. Erick Moum,* for Appellant, submitted an original and a supplemental brief; *Mr. L. V. Ketter* argued the cause orally.

*Mr. R. O. Lunke,* for Respondent, submitted a brief and argued the cause orally.

MR. COMMISSIONER HORSKY prepared the opinion for the court.

On August 17, 1916, plaintiff and defendant entered into a contract in writing, which, omitting the formal parts, reads as follows: "Witnesseth, that the party of the first part agrees to deliver to the party of the second part on or about May 10, 1917, thirty head of mares and ten colts, yearlings, upon the payment by the party of the second part to the party of the first part, the sum of fifteen hundred dollars ($1,500.00)." At the time of the execution of this contract, plaintiff paid to the defendant the sum of $450 to apply on the purchase price of the animals mentioned therein.

On January 25, 1919, plaintiff instituted the present action to recover from the defendant the sum of $450 paid on the purchase price of said horses, and for the sum of $750 damages claimed to have been sustained by the plaintiff by reason of the nondelivery of said animals. He alleged in his complaint the making and execution of the contract referred to above; that delivery of the horses was to be made at defendant's ranch in Richland county, Montana; and that defendant failed and still refuses to deliver said horses to the plaintiff, as he had agreed to do. Defendant interposed a general demurrer to the com-

plaint, which was by the court overruled. Defendant in his answer admitted the making and execution of the contract quoted above, the payment of the $450 on the purchase price, and that delivery of the horses was to be made at his ranch in Richland county, and then denied generally each and every other allegation in plaintiff's complaint. The plaintiff had verdict and judgment. Defendant appeals from the judgment entered against him and from an order overruling his motion for a new trial.

There are several specifications of error; but, in view of the conclusions we have reached, we need only consider one question, namely: Did the plaintiff, under the facts disclosed in this case, show that he was able and offered to perform all conditions concurrent imposed upon him by the contract?

Plaintiff alleged in his complaint that the horses were to be [1] delivered to him by the defendant at the latter's ranch in Richland county, Montana. This allegation was admitted by the answer of the defendant, so that the place of delivery was no longer a controverted question in the case. True, plaintiff testified on cross-examination that defendant agreed to deliver the horses at the former's ranch on what is known as the East Redwater in Richland county, but the effect of this was to declare the falsity of his own complaint, which he cannot be permitted to do. "The general rule is that parties are bound by, and estopped to controvert, allegations or admissions in their own pleadings." (31 Cyc. 87.)

In the case of *Wertz* v. *Lamb*, 43 Mont. 477, 117 Pac. 89, it was contended that there was a fatal variance between the allegations of the complaint and the proof, in that the plaintiff in that case "alleged a contract with W. W. Lamb and Roama M. Lamb, and submitted his proof showing only an agreement with W. W. Lamb." This court said: "In their counterclaim the defendants W. W. Lamb and Roama M. Lamb allege affirmatively that they employed plaintiff to do the work described in the complaint, and, having thus admitted that the contract was made by both, they cannot now be heard to say

that it was not, or that there is a material variance between the plaintiff's pleading and the proof in this respect. The defendants W. W. Lamb and Roama M. Lamb are bound by the position which they assumed in their pleading.''

On another occasion, this court voiced its disapproval of and concerning a practice that would permit one to controvert the allegations and admissions of his own pleadings under circumstances such as disclosed in the instant case, in the following language: ''The party making the motion, the defendant, has stated in his verified answer that said Fred Manuel was a citizen of the United States ever since March 15, 1885. This was admitted by the replication. Defendant could not afterwards be heard to deny and stultify his pleading by moving for a nonsuit, by which motion he was obliged to declare the falsity of his own answer. He was bound by the allegations of his answer, especially when the opposite party had accepted the truth thereof. The court as well had the right to accept such truth.'' (*Wulf* v. *Manuel*, 9 Mont. 279, 23 Pac. 723.)

No effort was made by the plaintiff to amend his complaint, either before or after he had thus testified on cross-examination. Neither did he attempt to show that the allegation in the complaint was made inconsiderately by mistake or inadvertence. In fact, on page 2 of his brief he states that the question of the place of delivery of these horses is foreclosed by the pleadings in the case.

That delivery and payment were to be concurrent at defendant's ranch in Richland county is amply supported by the evidence and admission made in the pleadings in this case. (Sec. 7403, Rev. Codes 1921.) This being so, plaintiff was required to show, before he could put the defendant in default, an offer and ability to receive the horses and pay for them at defendant's ranch in Richland county. (Sec. 7405, Rev. Codes; *Porter* v. *Plymouth Gold Min. Co.*, 29 Mont. 347, 101 Am. St. Rep. 569, 74 Pac. 938; *Jenderson* v. *Hansen*, 50 Mont. 216, 146 Pac. 473.) That he did not do so is clear from his own testimony. No useful purpose would be subserved in reviewing

[3] all the testimony in the record; suffice it to say that plaintiff's own testimony reveals a studied effort on his part to place himself in as favorable a position as possible, without actually offering to perform his part of the contract, in order that he might induce defendant to return him the amount paid on the purchase price of these horses. Not only does his testimony show that he did not appear at defendant's ranch to receive the horses and pay for them, but actually discloses a refusal on his part to go there for that purpose. Plaintiff did testify that he was ready, able, and willing to pay defendant if he delivered the horses; but as said by this court in *Porter* v. *Plymouth Gold Min. Co., supra:* "Being ready and willing to perform an act cannot be tortured by construction into an allegation of an offer to perform such act. One might be ready and willing to do an act without knowledge thereof on the part of the other party." In none of the conversations detailed by plaintiff as having taken place between himself and defendant, subsequent to the execution of the contract, is there disclosed a refusal on the part of the defendant to deliver the horses at his ranch in Richland county.

Where the evidence so clearly shows, as it does in this case, [4] that plaintiff is not entitled to recover, we feel constrained to recommend that the judgment and order appealed from be reversed and the cause remanded to the lower court, with directions to dismiss the complaint.

PER CURIAM: For the reasons given in the foregoing opinion, the judgment and order appealed from are reversed and the cause is remanded to the district court, with directions to dismiss the complaint.

*Reversed.*