BECKER, APPELLANT, *v.* CHAPPLE ET AL., RESPONDENTS.

(No. 5,586.)

(Submitted December 9, 1924.   Decided January 2, 1925.)

[232 Pac. 538.]

*Personal Injuries—Defective Highways—County Commissioners*
*—Personal Liability for Damages—Complaint—Sufficiency—*
*Notice of Defect—Answer—Admissions.*

Personal Injuries—Defective Highways—Personal Liability of County
Commissioners—Complaint—Sufficiency.

1.  In an action against county commissioners to hold them per-
sonally liable for personal injuries sustained by a traveler by
reason of a washout in a highway, complaint alleging that de-
fendants both in their official capacity as a board and as indi-
viduals had actual knowledge of the defect and of the condition
of the highway was sufficient to show notice in them as a board.

Same.

2.  An averment in the complaint that there were no barriers,
lights or any warning of any character at or near the approach to
the washout which caused the injury complained of was sufficient
as against the objection that it failed to show that proper barriers
had not been erected or maintained by the road supervisor.

Same—Complaint—Unnecessary Allegation.

3.  Section 1627, Revised Codes of 1921, places the specific legal
duty upon the board of county commissioners to remove obstruc-
tions in a highway, and after notice thereof any member of the
board who neglects to do so becomes personally liable under sec-
tion 4520 for any injury caused thereby, and they are not relieved
of liability by merely instructing the road supervisor to erect and
maintain barriers; hence an allegation in the complaint of one
who has been injured, to the effect that the board had not in-
structed the supervisor to erect and maintain barriers, is not
required to render the pleading sufficient.

Same—Knowledge of Defect in Highway Gained as Individual Suffi-
cient as Official Notice.

4.  Knowledge of a defect in the highway gained by county com-
missioners as individuals is knowledge to them in their official
capacity, hence the fact that the board, as such, had not received
notice did not relieve them from liability for a consequent injury
where they had actual knowledge by inspection of the washout
prior to the accident.

Same—Lack of Notice of Defective Highway in County Commissioner
Relieves Him of Personal Liability.

5.  A county commissioner who did not have actual knowledge of
a washout prior to the accident of plaintiff and who had not been
informed of it by the other members of the board who knew of
it could not be held personally liable for the resulting damages.

5.  Personal liability of public officer for injuries caused by de-
fective condition of highway, see note in Ann. Cas. 1917D, 939.

Same—Answer—Admission of Notice of Defect in Highway Binding
on Defendant Commissioner Until Pleading Amended.

   6.   Where a county commissioner did not have notice of a wash-
out in a highway but in his answer admitted that he did have
notice and failed at the trial to ask permission to amend his
answer to conform to the proof, he was bound by his admission
until eliminated by amendment of the answer on a retrial of the
cause made necessary by the court's erroneous action in directing
a verdict in favor of the defendant commissioners.

*Appeal from District Court, Yellowstone County, in the
Thirteenth Judicial District; Lyman H. Bennett, a Judge of the
Fifth District, presiding.*

Action by Genevieve Becker against Lou W. Chapple and
others. Judgment for defendants and plaintiff appeals. Re-
versed and remanded for a new trial.

*Mr. H. C. Crippen,* for Appellant, submitted a brief and
argued the cause orally.

*Messrs. Johnston, Coleman & Johnston,* for Respondents,
submitted a brief; *Mr. J. H. Johnston* argued the cause orally.

MR. JUSTICE RANKIN delivered the opinion of the court.

This is an action wherein the plaintiff seeks to hold the
defendants, commissioners of Yellowstone county, individually
liable for personal injuries sustained by her by reason of a
defect in the highway.

Briefly stated, the plaintiff alleges that on August 4, 1922,
a washout occurred in a public highway in Yellowstone county,
leaving an excavation approximately thirty feet wide and eight
feet deep; that the defendants had knowledge, individually
and as a board of commissioners, of the washout and of the
dangerous condition in which it left the highway, but failed
and neglected to protect the traveling public by erecting bar-
riers, signal devices or posting warning notices of any kind.
Plaintiff further alleges that, while the automobile in which
she was riding as a guest was being driven along the highway

it was precipitated into the washout, causing her serious personal injuries.

Two answers were filed, one by the defendants Chapple and Todd jointly and the other by the defendant Phelan. The answer of the defendant Phelan alleges that upon learning, on August 3, 1922, that the washout had occurred he erected sufficient barriers to warn the traveling public of the dangerous condition of the road, and that he or Chapple instructed the road supervisor to see that the barriers were maintained.

The answer of the defendants Chapple and Todd, after denying actual or constructive notice of the defect in the highway to the commissioners as a board, alleges as an affirmative defense that they were informed by the defendant Phelan that he had placed sufficient barriers on each side of the washout; that the defendant Chapple had instructed the road supervisor to see that the barriers were maintained; and that they had no notice that they had been removed.

Both answers deny the allegations of negligence and allege as an affirmative defense that the accident was caused by the contributory negligence of the plaintiff. The affirmative allegations of the answers were put in issue by replies.

The cause was tried to the court with a jury. At the conclusion of the testimony the defendants interposed separate motions for a directed verdict. The motions were granted, and judgment was entered in their favor. It is from this judgment that the appeal is prosecuted.

Defendants attack the sufficiency of the complaint upon three grounds: (1) That it fails to allege that notice of the washout was given to the board of commissioners; (2) that no allegation appears in it to show that proper barriers were not erected and maintained by the road supervisor; (3) that it is silent as to whether the board instructed the road supervisor to erect and maintain barriers.

1. With the contention that the allegations of the complaint [1] as to notice are insufficient we cannot agree. The complaint alleges that "the defendants, both in their official ca-

pacity as a board of commissioners and as individuals, had actual knowledge of said washout and of the condition of the said highway."

2. The assertion that the complaint, to state a cause of [2] action, must allege that proper barriers were not erected and maintained by the road supervisor is, in our opinion, disposed of by the allegation of the complaint that "there were no barriers or lights or any warning of any character at or near the approach to said excavation * * * on the ninth day of August, 1922, at the hour aforesaid."

3. The contention that the complaint is defective without an [3] allegation that the commissioners did not instruct the road supervisor to erect and maintain barriers to warn the traveling public of the washout cannot be sustained. In our opinion, the commissioners are not relieved of liability by merely instructing the road supervisor to erect and maintain barriers. Section 1372 of the Revised Codes of 1907 imposed upon the road supervisor only the duty to remove any defect or obstruction in the highway forthwith, but the law was amended in 1915 (Rev. Codes 1921, sec. 1627) for the express purpose of imposing the same duty also upon the county commissioners. As amended, the law reads as follows: "Whenever any public highway becomes obstructed from any cause, or any bridge needs repairing or becomes dangerous for the passage of teams or travelers, the board of county commissioners, or the supervisor of the road district, if there be one, upon being notified thereof, must forthwith cause such obstruction to be removed, or bridge repaired, for which purpose" such person as "the board of county commissioners" may designate "or the road supervisor of the district may order out such number of inhabitants of the district as may be necessary to aid in removing such obstructions or repairing such bridge. * * * "

The design of the statute is to maintain the highways unobstructed and safe for the traveling public by compelling the board of commissioners, as well as the road supervisor, to remove obstructions forthwith. To accomplish its purpose the

board is clothed with drastic authority. It is given power to draft, without limit, the services of the physically fit inhabitants of the district, if necessary, to remove the obstructions. Manifestly, the commissioners may not shift the responsibility of making the repairs and warning the public of danger by mere direction to the road supervisor.

Inasmuch as the amended Act referred to above—which is now section 1627, Revised Codes of 1921—places a positive legal duty upon the board of commissioners to remove defects and obstructions in the highway, after notice, any member thereof who neglects to perform that duty becomes liable under section 4520, Revised Codes of 1921, which provides: "Any county commissioner who neglects or refuses to perform any duty imposed on him, without just cause therefor, * * * in addition to the penalty provided in the Penal Code, forfeits to the county five hundred dollars for every such act, to be recovered on his official bond; and is further liable on his official bond to any person injured thereby for all damages sustained." This section was borrowed from California, and, with the exception of the term "county commissioner," which was substituted for the word "supervisor," is a literal copy of section 4086 of Kerr's Cyclopedic Codes of California of 1906. The latter section was repealed; prior to its repeal however, the supreme court of that state, in referring to it, said: "For a neglect or a refusal to perform a duty imposed upon him by law, a supervisor is by section 4086, Political Code, made personally liable." (*Santa Cruz R. R. Co.* v. *County of Santa Clara*, 62 Cal. 180.)

Counsel for defendants insist, however, that, even if the complaint states a cause of action, the verdict was properly [4] directed for the defendants because no evidence was introduced showing that notice of the washout or of the failure of the road supervisor to erect or maintain suitable barriers to warn the traveling public was given to the commissioners as a board. To support their contention they rely upon the deci-

sion of this court in *Smith* v. *Zimmer,* 45 Mont. 282, 125 Pac. 420.

The answers of the defendants Chapple and Phelan admit, and it is also disclosed by their testimony at the trial, that they had been to the scene of the washout, and that the board of commissioners was in session, with all members present, upon three separate days thereafter and prior to the night of the accident. In other words, the defendants Phelan and Chapple admit actual knowledge of the washout and the conditions surrounding it, but deny official notice.

In the case of *Smith* v. *Zimmer, supra,* there is language in the opinion on rehearing to the effect that notice must come to the commissioners while convened as a board, but the character of notice required to charge the members is not stated. If that language is to be interpreted as requiring notice to commissioners while convened as a board before liability can attach to them, we do not adhere to it.

We think the correct rule of law is that knowledge gained by one as an individual, of matters demanding official action, is knowledge to him as an official. No officer who had actual knowledge of a condition that demanded official action and has failed to act should be permitted, after others have suffered injury from his nonfeasance, to assert the technical defense that in seeing the defect he used his sight in his private capacity but kept closed the official eye. It cannot be said that the members of the board of commissioners owe no duty to the public except when they are in session or are engaged officially. It is the duty of every commissioner who has knowledge of conditions demanding immediate attention to do all he reasonably can to see that the board acts forthwith.

The record in the case before us contains sufficient evidence of negligence on the part of the defendants Chapple and Phelan in failing to erect barriers adequate to warn the traveling public of the danger and to cause the obstruction to be removed forthwith to present an issue of fact for the jury.

The answer of the defendant Todd admits that he had knowl-
[5, 6]   edge of the washout prior to the time of the accident.
The uncontradicted testimony, however, discloses that he first
heard of it after the accident occurred.   He was in attendance
at three meetings of the board of commissioners held between
the date of the washout and the accident.   It was the duty of
the defendants Phelan and Chapple to notify him and con-
sider the matter of remedying the defective condition of the
highway at the first meeting of the board.   Todd could not be
held personally liable for the negligence of his associate com-
missioners but for the admissions in his answer of actual
knowledge of the washout prior to the latter occurrence.   No
request was made by his counsel for leave to amend his answer
to conform to the proof, nor did they offer to show that the
admissions were made by inadvertence or mistake.   Under this
condition of the record he cannot controvert the admissions,
but is bound by them until they are eliminated by amendment
in the district court.   (*Wulf* v. *Manuel,* 9 Mont. 276, 279, 286,
23 Pac. 723; *Weatherman* v. *Reid,* 62 Mont. 522, 205 Pac. 251.)

The judgment is reversed and the cause remanded for a
new trial.

*Reversed and remanded.*

Mr. CHIEF JUSTICE CALLAWAY and ASSOCIATE JUSTICE STARK
concur.

MR. JUSTICE HOLLOWAY: I concur.   In *Smith* v. *Zim-
mer* I expressed the opinion that under the then existing stat-
utes an action of this character could not be maintained against
the commissioners.   After the decision in that case was ren-
dered, the legislature amended section 1372, Revised Codes of
1907, and in my judgment the only purpose of the amend-
ment was to impose upon county commissioners a positive,
legal duty to repair defective public highways where such
duty was not imposed theretofore.   (Sec. 7, Chap. 141, Laws
of 1915.)   Whether the commissioners who discharge this duty

are entitled to specific compensation therefor is a question which cannot arise in this action. It is elementary· that a breach of legal duty constitutes actionable negligence (*Fusselman* v. *Yellowstone V. L. & I. Co.,* 53 Mont. 254, Ann. Cas. 1918B, 420, 163 Pac. 473), and a breach of the duty imposed by amended section 1372 (now section 1627, Rev. Codes of 1921), renders the county commissioners liable to one who is injured by reason of a defect in a public highway where the negligence of the commissioners is the proximate cause of the injury (sec. 4520, Rev. Codes 1921).

But for the amendment made in 1915 I would still adhere to my views expressed in *Smith* v. *Zimmer.*

MR. JUSTICE GALEN, being absent on account of illness, did not hear the argument and takes no part in the foregoing decision.

Rehearing denied January 19, 1925.