RIGGS, Respondent, *v.* WEBB, Appellant.

(No. 5,940.)

(Submitted September 14, 1926. Decided September 27, 1926.)

[249 Pac. 1041.]

*Personal Injuries—Defective Highways—County Commissioners —Personal Liability—Board Acts as Entity—Plaintiff Limited to Recovery for Acts of Negligence Pleaded in Complaint.*

Personal Injuries—Defect in Highway—County Commissioners Act as Board—Nonliability of One Member, When.
1.   In the matter of repairing defects on highways the board of county commissioners can only act as a board; hence where in an action against all three of the commissioners to recover damages for personal injuries sustained by the fall of an automobile into open cut caused by a washout, for failure to remedy the defect after notice, the complaint was dismissed as to two of the defendants, the remaining commissioner, having been without authority to order the repairs made, could not be held liable in damages for not doing what he had no power to do.

Same—Recovery of Damages Limited to Particular Acts Charged in Complaint.
2.   Under the rule that recovery of damages in a personal injury case is limited to the particular acts of negligence or breaches of duty charged in the complaint, *held* that where plaintiff proceeded in his complaint on the theory that the board of county commissioners, or a majority thereof, had failed to act,

---

1.   Personal liability of public official for personal injury on highway, see note in 40 A. L. R. 39.

after notice, in the matter of repairing a defect in the highway he was not in a position to urge after dismissal of the action as to two members of the board, that the third should be held liable for failure to advise his comembers of the fact, known to him, that the highway was defective; not having so pleaded, he was not entitled to recover.

[1] Highways, 29 *C. J.*, sec. 441, p. 677, n. 17.
[2] Highways, 29 *C. J.*, sec. 480, p. 713, n. 43. Negligence, 29 Cyc., p. 584, n. 27.

*Appeal from District Court, Sweet Grass County; Hugh J. Miller, Judge.*

ACTION by Velma H. Riggs against Lew Webb. Plaintiff had judgment; defendant appeals. Reversed with direction to dismiss the complaint.

*Messrs. Davis & Kelly,* for Appellant, submitted an original and a supplemental brief, and argued the cause orally.

*Messrs. Jones & Jones* and *Mr. Wellington D. Rankin,* for Respondent, submitted an original and a supplemental brief; *Mr. Ned. S. Goza,* of Counsel, argued the cause orally.

HONORABLE THEODORE LENTZ, District Judge, sitting in place of MR. JUSTICE HOLLOWAY, disqualified, delivered the opinion of the court.

On August 12, 1921, an automobile in which plaintiff was riding as a guest was driven into an open cut, caused by the washing out of a bridge, on one of the public roads of Sweet Grass county. Plaintiff was injured and has instituted this action against the three county commissioners, seeking to recover damages for their alleged negligence in failing to repair the defect in the road or post proper warning notices.

At the conclusion of her evidence in chief, plaintiff dismissed [1] the action as against defendant Carl, and the court granted a motion for nonsuit as against defendant Bryan. The trial then proceeded against defendant Webb alone, resulting

in a verdict and judgment in the sum of $526, from which he has appealed.

There are thirty-four assignments of error. We deem it necessary to discuss but one of these, however, for the reason that in our opinion its determination adversely to plaintiff will necessitate a reversal of the case.

In his brief, counsel for plaintiff concede that the action against Bryan and Carl, two of the defendant commissioners, was dismissed ''obviously for the reason that there was no evidence of notice to them of the existence of the washout prior to the time of the accident.'' Plaintiff argues, however, that, since the proof tended to show that the remaining defendant, Webb, did receive oral notice of the washout prior to the time of the accident, the judgment is valid as against him alone.

After the dismissal as to commissioners Carl and Bryan, on the grounds and for the reason that they had no notice of the defect, the action stood exactly as if it had been brought originally against the defendant Webb alone, seeking to hold him liable for negligence in failing or refusing, after notice, to repair defects in the road. The question then arises as to the extent of the power and authority of a single member of the board of county commissioners in the matter of repairing roads, for, obviously, if the defendant Webb had no power or authority to repair the road in question, he cannot be held liable in damages for failing or neglecting to do so.

Under paragraph 4, section 4465, Revised Codes of 1921, defining their general and permanent powers, the board of county commissioners is given authority: ''4. To lay out, maintain, control, and manage public highways, ferries, and bridges, within the county, and levy such tax therefor as required by law.'' This general authority to maintain public highways is supplemented by a specific statutory duty to do so after notice. Section 1627, Revised Codes of 1921, so far as applicable here, reads as follows: ''Whenever any public

highway becomes obstructed from any cause or any bridge needs repairing or becomes dangerous for the passage of teams or travelers, the board of county commissioners, or the supervisor of the road district, if there be one, upon being notified thereof, must forthwith cause such obstruction to be removed or bridge repaired."

Hence it is plain that the authority and duty to construct and maintain highways is placed expressly upon the board of county commissioners, and nowhere in the Code is there any authority or control over the public highways of the state vested in an individual commissioner. It follows, therefore, that, since the defendant Webb, standing alone, had no authority to make the repairs in question, he cannot be held liable in damages for a failure to do that which he had no authority to do.

Plaintiff insists, however, that, if it be conceded that de-
[2]   fendant Webb had no authority to order the repairs, and that function could be performed only by concurrence of a majority of the board, still, under the authority of *Becker* v. *Chapple,* 72 Mont. 199, 232 Pac. 538, and *Smith* v. *Zimmer,* 45 Mont. 308, 125 Pac. 420, it was his duty, after receiving notice of the defect, to notify the other members, and endeavor to procure action by the board, and, upon a showing of failure to do so, Webb may be held liable in damages.

For the purposes of this discussion only, let us concede that is true. Still the plaintiff is in no better position, for the reason that no such duty and failure of performance on the part of the defendant Webb is alleged in the amended complaint. The amended complaint apparently is cast upon an entirely different theory, to-wit, that of a duty and a failure of the board, or a majority of its members to act after actual notice. Paragraph 5 of the amended complaint reads as follows: "That the said defendants, while sitting, meeting, and acting as a board of county commissioners, received written notice of said washout as heretofore set forth, which said

notice was received by said defendants on or about the 15th of June, 1922; that said plaintiff herein does not have a copy of said notice to set forth in said pleadings, the original thereof being in the possession of the clerk of said board or these defendants, or the same should be in their possession. And plaintiff herein further alleges that said defendants, while acting as a board of county commissioners, on or about the 6th day of July, 1922, the exact date is not known to this plaintiff, personally visited and inspected said road and the portion of said road where said washout had occurred, and had actual knowledge of said washout by having visited and inspected the same while acting as a board of county commissioners.'' And in paragraph 4 it is alleged: ''That the defendants herein had been duly and regularly notified of said washing away of said bridge and the danger thereof by oral and written notice during the last half of June, 1922, and the first half of July, 1922, and it was their duty to replace and reconstruct said bridge,'' *etc.*

It is elementary that recovery in any case is limited to the particular acts of negligence or breaches of duty charged in the complaint. (*Flaherty* v. *Butte Electric R. Co.*, 40 Mont. 454, 107 Pac. 416; *Hunt* v. *White Sulphur Springs Ry. Co.*, 63 Mont. 508, 208 Pac. 917.)

For the reasons above stated, defendant's motion for a directed verdict should have been granted.

The judgment is reversed and the cause remanded to the district court of Sweet Grass county, with direction to dismiss the complaint.

*Reversed.*

MR. CHIEF JUSTICE CALLAWAY, and ASSOCIATE JUSTICES STARK and MATTHEWS concur.

MR. JUSTICE GALEN, not sitting.

Rehearing denied October 15, 1926.