CONRAD, etc. v. RIDGEVILLE TWP. BD. ED.

Ohio Appeals, 9th Dist., Lorain Co.

No. 469. Decided Sept. 28, 1928.

First Publication of This Opinion.

Syllabus by The Court.

**SCHOOLS AND SCHOOL DISTRICTS.**

(530 B) In the absence of a statute specifically creating a civil liability, a board of education is not liable in damages to a pupil who is taking a manual training course in its mechanical department, and who suffers injury as a result of the board's failure properly to protect, as required by law, the machinery used by said pupil.

Harry R. Scobie, Cleveland, for Conrad.

Baird, Vandemark & Butler, Elyria, for Bd. Ed.

HISTORY:—Action in Common Pleas by Conrad against Board of Education to recover damages for personal injury. Demurrer to petition sustained. Plaintiff prosecutes error. Judgment affirmed. No action in Supreme Court prior to date of this publication.

STATEMENT OF FACTS.

The parties stand in this court in the same relative positions that they did in the Court of Common Pleas, and in this opinion will be referred to as plaintiff and defendant, as they were in that court.

The plaintiff, a minor, was a pupil in the Ridgeville high school of the defendant, and as such was taking a manual training course in the mechanical department, and was using what is commonly known as a buzz saw in connection with his course.

On the day of the accident, the plaintiff was engaged in cutting certain pieces of wood, when suddenly and without notice of impending danger, the index finger and thumb of his left hand came in contact with the saw, and he received serious and permanent injuries. The plaintiff alleged that at the time of the accident he was without fault and that the accident was due wholly and solely to and was the direct and proximate result of the defendant's negligence.

To this petition a general demurrer was filed by the defendant, which was sustained by the trial court; and the plaintiff not desiring to plead further, final judgment was entered in favor of the defendant.

Plaintiff's counsel concedes that at the common law plaintiff would not be entitled to recover damages from the defendant under the circumstances named, but claims under the statutes of this state a liability is created which establishes a cause of action against the defendant, if the plaintiff is able to establish the facts alleged in his petition.

PARDEE, J.

In title 2 of the Ohio state building code, being Secs. 12600-44 to 12600-72, both inclusive, provision is made for the construction and equipment of school buildings; and said Sec. 12600-72 reads as follows:

"For the necessary devices for guarding machinery and pits, see sections 1027 and 1028 Ohio General Code."

By Sec. 1027, G. C., the owners and operators of shops and factories are required to make suitable provisions to prevent injury to persons who use or come in contact with machinery or part thereof in said shops and factories, and are specifically required to guard all saws, wood-cutting, wood-shaping and all other dangerous machinery therein; and Sec. 1028 reads in part as follows:

"Whoever, being a person, firm or corporation, fails to comply with any provision of the preceding section, or fails to comply with such orders for changes as are issued by the chief inspector, within thirty days thereafter shall be fined not less than one hundred dollars for each offense. . . .

It is admitted, of course, by the demurrer that the plaintiff suffered the injuries at the time and place alleged by him, and that the saw was unguarded as required by the foregoing quoted sections. The plaintiff claims that by these sections a civil liability is cast upon all employers and school boards, who fail to do the things required as set forth therein.

It being conceded that the defendant school board would not be liable in damages for the injuries complained of unless a liability is created by statute, do said Secs. 1027 and 1028 create a civil liability?

The Supreme Court, in the case of County Commissioners v. Darst, 96 O. S. 163, held that Sec. 7563, G. C., imposes an absolute duty upon the board of county commissioners to erect guard rails on each side of every embankment or approach to county bridges at such points where the embankment or approach is more than a certain heighth, and that for failure to comply with the requirements of said section, the county was liable for damages—not under that section, but under a subsequent section: to wit, 7565, which expressly provides that the county shall be liable for all accidents or damages where the county commissioners fail to comply with said Sec. 7563; and it was said by Judge Jones in his opinion in said case, at p. 167:

"In the interpretation of a statute seeking to impose a liability against the board, where it is sought to abrogate or modify the common-law rule, the statutory terms must clearly import such intention, and, if doubtful or ambiguous, should be resolved against its imposition."

In the instant case, there can be no question but that the board of education was required, by the sections hereinbefore quoted, to guard the saw which injured the plaintiff, and its failure to do so made the members thereof guilty of a misdemeanor, for which they could be punished in an action at law; but these sections do not impose a civil liability upon said board for failure to do so—at most, it is not clear that the lawmaking body intended it to be so; so one who is injured by such failure cannot recover damages from the board.

See also:

Finch v. Bd. of Education, 30 O. S. 37.

Bd. of Education v. Volk, 72 O. S. 469.

We are therefore of the opinion that the ruling of the trial court was correct, and the judgment is affirmed.

(Washburn, P. J., concurs. Funk, J., not participating.)