PERKINS, Appellant, *v.* TRASK et al., Respondents.

(No. 7,061.)

(Submitted June 2, 1933. Decided July 6, 1933.)

[23 Pac. (2d) 982.]

(1)

Mr. *H. H. Parsons*, of the Bar of San Bernardino, California, and Mr. *C. E. Comer*, for Appellant, submitted an original, a reply and a supplemental brief.

4

*Mr. S. P. Wilson,* for Respondents, submitted a brief and argued the cause orally.

MR. JUSTICE ANGSTMAN delivered the opinion of the court.

This is an action for damages for the death of James Penkake, plaintiff's minor son. The complaint seeks recovery against school district No. 1, of Powell county, and against the named defendants as trustees and individually, and is grounded upon negligence. The trial court sustained a general demurrer to the complaint, and, deeming the complaint one that could not be amended to state a cause of action against any of the defendants, entered judgment that plaintiff take nothing by her action. The appeal is from the judgment.

The sole question presented is whether the complaint states facts sufficient to constitute a cause of action against the defendants, or any of them. Plaintiff in her complaint, after alleging that she is the mother of James H. Penkake, charges defendants with negligence resulting in his death. The particular negligence relied upon is set out in detail, and may be summarized as follows: That the defendants maintained and operated a swimming pool in school district No. 1 for the general use of the pupils; that, owing to certain facts specifically alleged, the pool was a dangerous place in which to permit children to play and swim; that they were permitted and directed so to do without having anyone in charge to guard

them; and that in consequence, while James H. Penkake, then a pupil, was playing in the pool, and by reason of the negligence of the defendants, he lost his life by drowning.

It is sufficient to say that the alllegations of negligence are ample to state a cause of action if a school district or its trustees, either as trustees or individually, may be compelled to respond in damages for negligence; hence the question is directly presented as to whether a school district or its officers are liable for negligence.

The general rule, sustained by the overwhelming weight of ▅ authority, is that school districts are not liable in damages for injuries caused by the negligence of their officers, agents, or employees unless the liability is imposed by statute. The courts are not generally in accord as to the reason for such nonliability. Some base it upon one reason, and some upon another. The general rule is stated in 24 R. C. L., page 604, as follows: "The courts very generally hold that school districts are not liable in damages for injuries caused by the negligence of their officers, agents or employees, nor for any torts whatsoever, unless such liability is imposed by statute, either in express terms, as is the case in some jurisdictions, or by implication, as where the district is given authority to levy taxes to meet such claims. But of course this general rule of law is limited to the district itself, and does not extend to independent agencies doing work for the district on school property. Even the school board itself cannot render the district liable in tort, for when it commits a wrong or tort, it does not in that respect represent the district. Various reasons are assigned why a school district should not be liable in tort. Some authorities place it on the ground that the relation of master and servant does not exist; others take the ground that the law provides no funds to meet such claims. Still other authorities hold that school districts in performing the duties required of them, exercise merely a public function and agency for the public good, for which they receive no private or corporate benefit. Many authorities do not base their

6

holding on any single ground, but rely on two or more of them at the same time.''

Among the many cases supporting the rule of nonliability are the following: *Consolidated School District* v. *Wright,* 128 Okl. 193, 261 Pac. 953, 56 A. L. R. 152; *Wright* v. *Consolidated School District,* (Okl. Sup.) 19 Pac. (2d) 369; *Mokovich* v. *Independent School District,* 177 Minn. 446, 225 N. W. 292, 28 N. C. C. A. 846; *Krueger* v. *Board of Education,* 310 Mo. 329, 274 S. W. 811, 40 A. L. R. 1086, and note; *Antin, Admx.,* v. *Union High School District No. 2 of Clatsop County,* 130 Or. 461, 280 Pac. 664, 66 A. L. R. 1271, and note; *Anderson* v. *Board of Education of City of Fargo,* 49 N. D. 181, 190 N. W. 807; *Plumbing Supply Co.* v. *Board of Education,* 32 S. D. 270, 142 N. W. 1131; *Conrad* v. *Board of Education,* 29 Ohio App. 317, 163 N. E. 567; *Cochran* v. *Wilson,* 287 Mo. 210, 229 S. W. 1050; *Harris* v. *Salem School District,* 72 N. H. 424, 57 Atl. 332; *Lane* v. *Dist. Tp. of Woodbury,* 58 Iowa, 462, 12 N. W. 478; *Ernst* v. *West Covington,* 116 Ky. 850, 76 S. W. 1089, 105 Am. St. Rep. 241, 3 Ann. Cas. 882, 63 L. R. A. 652; *State to Use of Weddle* v. *Board of County School Com.,* 94 Md. 334, 51 Atl. 289; *Daniels* v. *Board of Education,* 191 Mich. 339, 158 N. W. 23, L. R. A. 1916F, 468; *School District* v. *Fuess,* 98 Pa. 600, 42 Am. Rep. 627; *Ford* v. *Kendall Borough School District,* 121 Pa. 543, 15 Atl. 812, 1 L. R. A. 607; *Juul* v. *School District,* 168 Wis. 111, 169 N. W. 309, 9 A. L. R. 904; *Horton* v. *Bienville Parish School Board,* 4 La. App. 123; *City of Chicago* v. *Board of Education of City of Chicago,* 243 Ill. App. 327; *McGraw* v. *Rural High School Dist. No. 1, Linn County,* 120 Kan. 413, 243 Pac. 1038; *Benton* v. *Board of Education,* 201 N. C. 653, 161 S. E. 96; *Sherbert* v. *School District,* 169 S. C. 191, 168 S. E. 391; *Sullivan* v. *School District,* 179 Wis. 502, 191 N. W. 1020; 56 C. J. 528.

There are a few cases taking the opposite view. The author of the note in 56 A. L. R. 152, 161, makes this observation: ''From a rather comprehensive study of the question, we believe it may safely be said that perhaps New York is the only state which has held school districts liable for negligence,

except, perhaps, in the case of the state of Washington, in which the matter is governed by statute." This has also become the rule in California by statute. (*Boyce* v. *San Diego High School District,* 215 Cal. 293, 10 Pac. (2d) 62.) But, in the absence of statute, the almost unbroken line of authorities throughout the Union is to the effect that there is no liability on the part of the district or its trustees for negligence.

Plaintiff's counsel contend that this case is not controlled by the rule announced by the great weight of authority for several reasons:

First. It is argued that, because of section 1022, Revised Codes of 1921, which provides that "every school district constituted and formed as provided in this title shall be and is hereby declared to be a body corporate, and under its own proper name or number as such corporate body may sue and be sued, contract and be contracted with, and may acquire, purchase and hold and use personal or real property for school purposes mentioned in this title, and sell and dispose of the same," there is legislative authority to sue a school district in tort. The adjudicated cases hold that such a statute does not have this effect. (*Antin* v. *Union High School District,* supra; *Consolidated School District* v. *Wright,* supra, and cases therein cited; *Daniels* v. *Board of Education,* 191 Mich. 339, 158 N. W. 23, L. R. A. 1916F, 468; 24 R. C. L. 605, note 9; *State to Use of Weddle* v. *Board of County School Com.,* supra; *Bank* v. *Brainerd School District,* 49 Minn. 106, 108, 51 N. W. 814; *City of Chicago* v. *Board of Education of City of Chicago,* supra; *Sherbert* v. *School District,* supra.)

Second. Plaintiff's counsel contend that under the laws of ▮ this state defendants had no authority to construct or maintain a swimming pool, and hence cannot defend on the ground that they were but performing governmental functions.

Our Constitution imposes the duty upon the legislative assembly "to establish and maintain a general, uniform and thorough system of public, free, common schools." (Sec. 1, Art. XI.) This the legislature has done by the enactment of our school laws. The courses of study are prescribed by sec-

tion 1054, Revised Codes of 1921, with power in the boards of trustees "to determine what branches, if any, in addition to those required by law, shall be taught in any school in the district." (Chap. 122, Laws 1923, and Chap. 122, Laws 1931.) Also by Chapter 147, Laws 1927, the trustees are given authority to issue bonds for the purpose of constructing or acquiring a gymnasium and for furnishing and equipping the same. (Sec. 1.) Under the broad rules announced in *McNair* v. *School District*, 87 Mont. 423, 288 Pac. 188, 69 A. L. R. 866, the trustees have authority to construct and maintain a swimming pool for the use of the pupils.

It is also contended by plaintiff that, if there be authority to maintain a swimming pool, the authority does not extend to the right to maintain a dangerous instrumentality, such as the one is alleged to be in this case, and that in consequence there is no immunity from liability on the ground that its maintenance constituted a part of the governmental functions of the school district. This contention overlooks the fact that in all cases holding that there is no liability on the part of the district or its officers for negligence there is no statutory authority for the maintenance of the offending agency in a negligent manner.

It is also contended that, if the board has the right to maintain a swimming pool, its right is optional and not mandatory, and hence the rule of immunity does not apply. This fact does not alter the legal principle applicable. (*Krueger* v. *Board of Education*, supra.)

Other contentions made by counsel for plaintiff as to the liability of the school district and the trustees, as such, have been considered by us, and we see no reason for departing from the rule sustained by the overwhelming weight of authority.

The only remaining question is: Are the individual defendants personally liable? Much reliance is placed upon the cases of *Merritt* v. *McNally*, 14 Mont. 228, 36 Pac. 44, *Bair* v. *Struck*, 29 Mont. 45, 74 Pac. 69, 63 L. R. A. 481, *Smith* v. *Zimmer*, 45 Mont. 282, 125 Pac. 420, and *Smith* v. *Zimmer*

48 Mont. 332, 137 Pac. 538, as sustaining the right to hold officers liable individually. As sustaining plaintiff's contention under certain circumstances, we may add to these cases those of *Becker* v. *Chapple,* 72 Mont. 199, 232 Pac. 538, *Riggs* v. *Webb,* 77 Mont. 80, 249 Pac. 1041, and *Moore* v. *Industrial Accident Fund,* 80 Mont. 136, 259 Pac. 825. But in most of the cited cases the injury or damage was caused by the failure to perform a statutory duty. · Here there is no statute directing how a swimming pool shall be maintained. The complaint does not charge a failure to perform a statutory duty. The other cases deal with ministerial, as distinguished from governmental, duties, and hence are not controlling here.

The court properly sustained the demurrer to the complaint and properly entered judgment against plaintiff.

The judgment is affirmed.

MR. CHIEF JUSTICE ·CALLAWAY and ASSOCIATE JUSTICES MATTHEWS, STEWART and ANDERSON concur.

Rehearing denied July 18, 1933.·