### ELIAS v NORTON et

Ohio Appeals, 8th Dist, Cuyahoga Co

Decided June 22, 1936

Wolf & Kruckhoff, Cleveland, for appellant.

Alfred Clum, Director of Law, Cleveland, and Thomas F. Ferris, for appellees.

LEMERT, PJ, MONTGOMERY and
SHERICK, JJ, (5th Dist) sitting
by designation.

### OPINION

By MONTGOMERY, J.

Milton Elias, a minor, by his next friend, being plaintiff in the Court of Common Pleas, perfected an appeal to this court on a question of law from a decision of the Common Pleas Court, sustaining a demurrer to his petition and rendering final judgment thereon.

The defendants in the case as stated in the caption in the petition were "Lawrence H. Norton, Alfred Benesch, Mary Brown Martin, Ray C. Miller. Thomas J. Martin, Lucia McBride, John E. O'Donnell, known as the Board of Education of the School District for the City of Cleveland." The petition averred that the defendant individuals are members of the Board of Education of the School District of the City of Cleveland, having charge of the supervision and maintenance of the schools of such city. The complaint in the petition is that they operated a restaurant in one of such schools wherein the plaintiff was a pupil, that on a certain date set forth in the petition the plaintiff purchased for a valuable consideration certain food including one hamburger sandwich, that when he swallowed one bite of this sandwich, a large piece of metal which had been carelessly and negligently permitted to be and remain in said meat and sandwich became lodged in his throat and he was seriously injured.

As to these defendants it was averred that they were negligent in failing to maintain the restaurant in a clean and sanitary condition; in failing to strain the meat or watch for the presence of extraneous objects therein, and that they negligently permitted and made it possible for extraneous objects including this piece of metal, to remain in such chopped meat and hamburger sandwich.

The plaintiff appellant in the instant case, bases his contention upon the decision of the Supreme Court of the state of Ohio in the case of **State ex Board of Education of Springfield v Gibson, County Aud., 130 Oh St, 318, 199 NE, 185.** That case is not directly in point. It was de-

cided upon an altogether different proposition. True, the language contained in the opinion of the court as appearing on page 322 does tend to support the contention of the plaintiff. However, the question decided in that case was that a board of education, being clothed with capacity to sue and be sued, was rendered amenable to laws governing litigants, including the plea of the statute of limitations, and the decision went so far as to hold that such board of education does not partake of the elements of sovereignty and is not entitled to immunity from the statute of limitations. As we view it, this decision does not constitute authority for anything more than the proposition set forth therein.

Under §4749, GC, it is provided that the board of education of each school district shall be a body politic and corporate, capable of suing and being sued, and to this extent it is distinguished from the state as such and to this extent its prerogatives as a branch of the sovereign state are abridged.

This case does not change the rule long established in Ohio and almost universally followed, that a political subdivision of the state performing the functions authorized by statute is not liable in damages for the negligent performance of its duties.

In 1876 the Supreme Court of Ohio, in the case of Finch v Board of Education of Toledo, 30 Oh St, 37, 27 Am. Rep., 414, held:

"A board of education is not liable in its corporate capacity for damages for an injury resulting to a pupil while attending a common school, from its negligence in the discharge of its official duty in the erection and maintenance of a common school building under its charge, in the absence of a statute creating a liability."

The Supreme Court of Ohio, in the case of Board of Education v McHenry, Jr., 106 Oh St, 357, 140 NE, 169, reversing the Court of Appeals of the First Appellate District, held that a board of education was not liable for damages sustained by a pupil as a result of the malpractice of a dentist employed by the board of education in extracting a tooth of a pupil.

The Court of Appeals of the Ninth Appellate District, in the case of Conrad, a Minor v Board of Education, 29 Oh Ap, 317, (6 Abs 700), 163 NE, 567, held:

"In the absence of a statute specifically creating a civil liability, a board of education is not liable in damages to a pupil who is taking a manual training course in its mechanical department, and who suffers injury as a result of the board's failure to properly protect, as required by law, the machinery used by said pupil."

There are many other decisions in Ohio and elsewhere to the same tenor and effect.

So far as we have been able to discover there is no decision in Ohio covering the exact situation now presented to this court. The Missouri Supreme Court, in the case of Krueger v Board of Education of City of St. Louis, 310 Mo., 239, 274 SW, 811, 40 A.L.R., 1086, held:

"That a school district voluntarily undertakes to operate a lunch room in a school building under statutory authority, and is not compelled to do so, does not make its act other than governmental so as to render it liable for personal injuries caused by negligence in the operation of the plant." (A.L.R. syllabus).

That decision quoted the statute of the state of Missouri under which such lunch rooms may be installed and maintained. The provisions in the Ohio statute are very similar thereto and this statute is §4762-1, GC, which provides in part as follows:

"The board of education of any school district, may provide facilities in the schools under its control for the preparation and serving of lunches to the pupils, the teachers, and to other employees therein, and may provide the management of such lunchrooms, which shall not be operated for profit."

The Missouri Supreme Court in the Krueger case, supra, at the conclusion of its opinion, citing a number of authorities therefor, says:

"The true ground of distinction to be observed is not so much that the duty is mandatory rather than self-imposed pursuant to authority of a general law, but, is, that the duty assumed is public in character, and not for profit, but for the public good, and is directly related to and in aid of the general and beneficent purposes of the State."

Were the averments of the petition in the instant case such that they did not go beyond an allegation such as was made in the Missouri case, to the effect that the operation of a lunchroom was merely authorized and permitted, and was in the nature of a special voluntary and self-imposed

duty not enjoined by law, we would still follow the general line of decisions and hold that the Common Pleas Court had with propriety sustained the demurrer to the petition. However, since the cause was submitted upon the demurrer only, the petition is to be taken as it was drawn, and attention is directed to the averments of that petition. The Board of Education of the School District of the City of Cleveland is not sued as such. As heretofore stated, seven individuals are sued and described as "known as the Board of Education of the School District of the City of Cleveland." The petition avers that these seven individuals "in addition to their usual and ordinary duties imposed upon them by law, and in addition to duties ordinarily and customarily performed by similar corporations, are engaged in a purely proprietary capacity in the restaurant business and at all times hereinafter set forth owned, operated, maintained and controlled, in a purely proprietary capacity, a restaurant at Nathan Hale School wherein this plaintiff was a pupil; that the business of this restaurant was carried on by the defendants, Lawrence H. Norton, Alfred Benesch, Mary Brown Martin, Ray C. Miller, Thomas J. Martin, Lucia McBride and John E. O'Donnell, hereinafter referred to as the Board of Education, for a profit, and that in this business they offered food and drink to pupils, teachers and others, for a valuable consideration."

The petition distinguishes the instant case from the Missouri case and incidentally from all other decisions with which we are familiar, which have to do with any liability on the part of a board of education. It is averred that these defendants are engaged in a purely proprietary capacity in operating a restaurant; that the same is operated for profit, that they offer food and drink to pupils, teachers and others.

It is to be observed that §4762-1, GC, to which we have called attention, authorizes the maintenance of lunchrooms for pupils, teachers and other employees therein and provides that the same shall not be operated for profit. Under the allegations of the petition these defendant appellees as individuals were operating a business for profit, not authorized by statute as to boards of education, were offering food for sale in the building to persons other than those specified under the statute, and consequently were engaged in an ordinary business more or less independent of and certainly to be distinguished from the duties imposed upon boards of education by

statute, or authorized by statute. We cannot concern ourselves now with the probability of their proof, but under the peculiar allegations of the petition ▮▮ ▮ before us, it seems to us that the demurrer was not well taken and should have been overruled.

The judgment of the Court of Common Pleas is therefore reversed, and this cause is remanded to that court for further proceedings.

Judgment reversed.

LEMERT, PJ, and SHERICK, J, concur.