## SHAW v BOARD OF EDUCATION OF CITY SCHOOL DIST OF COLUMBUS

Ohio Appeals, 2nd Dist, Franklin Co

No 2405.   Decided April 21, 1934

Matthews & Beltzer, Columbus, for plaintiff ·in error.

John L. Davies, City Attorney, Columbus, Baxter Evans, Columbus, and Charles R. Petree, Columbus, Asst. City Attorneys, for defendant in error.

SHERICK, J, (5th Dist) sitting by designation.

## OPINION

By BARNES, J.

The sole question for determination is whether or not the defendant Board of Education can be sued in a tort action, in the absence of statutory enactment.

Judge Williams, in the case of **Dunn v Agricultural Society, 46 Oh St, page 93,** and particularly in the opinion starting on page 96, very clearly states and fully analyzes the question of liability and non-liability of civil or quasi-corporations.

We refer to this case not because it in any sense can be considered parallel to the instant case, but wholly for the benefit of the clear announcement of the general principle by Judge Williams.

We quote from pages 96 and 97 of the opinion.

"There is a class of public corporations, sometimes called civil corporations, and sometimes quasi-corporations, that, by the well settled and generally accepted, adjudications of the courts are not liable to a private action in damages, for negligence in the performance of their public duties, except when made so by legislative enactment."

"Of this class, are counties, townships, school districts and the like. The reason for such exemption from liability, is that organizations of the kind referred to, are mere territorial and political divisions of the state, established exclusively for public purposes, connected with the administration of local government. They are involuntary corporations, because created by the state without the solicitation, or even consent, of the people within their boundaries, and made depositories of limited political and governmental functions, to be exercised for the public good, in behalf of the state, and not for themselves. They are no less than public agencies of the state, invested by it, of its own sovereign will, with their particular powers, to assist in the conduct of local administration, and execute its general policy, with no power to decline the functions devolved upon them, or withhold the performance of them in the mode prescribed, and hence, are clothed with the same immunity from liability as the state itself."

The following Ohio cases are cited in support of the above quoted text of the opinion of Judge Williams.

**The Board of Commissioners v Mighols, 7 Oh St, 199; Finch v Board of Education, 30 Oh St, 37; The State v Powers, 38 Oh St, 54.**

We quote further from the opinion of Judge Williams on page 97:

"This rule of exemption, however, extends no further than its reason, and therefore has no application to corporations called into being by the voluntary action of the individuals forming them, for their own advantage, convenience or pleasure. Corporations of this class, which are but aggregations of natural persons associated together by their free consent for the better accomplishment of their purposes, are bound to the same care, in the use of their property, and conduct of their affairs, to avoid injury to others, as natural persons; and, a disregard or neglect of that duty, involves a like liability."

The principle that the state can not be sued without its consent is so well established as to need no authority in support.

It is equally clear that counties are not liable for torts except that a liability is created by statute. A splendid Ohio text on this proposition will be found in **11 Ohio Jurisprudence, (Subject, Counties) §264** and subsequent.

Municipalities under certain conditions are liable in actions sounding in tort, under common law principles. Liability is also imposed upon municipalities in certain instances by express statutory provision. For a discussion on this subject reference is made to **28 Ohio Jurisprudence (Subject, Municipal Corporations), §§600-608,** and subsequent.

"It is now well established in Ohio that in the absence of statutory provisions to the contrary, a municipality is not liable for injuries occurring in connection with matters relating to its governmental functions but is liable for torts committed in connection with the exercise of its private or proprietary powers and functions under substantially the same rules and principles which govern the liability of private corporations and individuals."

Sec 601 supra.

The last pronouncement of the Supreme Court on the question of liability of a municipality if exercising proprietary duties, as distinguished from governmental, will be found in **Wooster v Arbenz, 116 Oh St, 281.** This case also discusses the class of activities under which there is no liability for tort except where created by statute.

The language of Judge Williams, on page 97 in **46 Oh St,** supra, has an application and determination of the instant case.

"When, therefore, it is determined to which of these classes of corporations the defendant belongs, a decision of the case is reached; and, to do this, an examination of the statutes, under which the organization of the defendant was effected, becomes necessary."

We know of no statutory provision, nor had any been cited, creating a liability against school boards for a tort.

Sec 4749, GC, in substance provides that board of educaation of each school district shall be a body politic incorporate, and as such capable of suing and being sued, and so forth.

This provision as to suit lends no aid to our problem. We find the same provision in the Code relative to boards of commissioners, §2408, GC, but the question is now stare decisis that there is no liability in tort against a county, except the action is authorized by statute.

The question in the instant case is now reduced to a determination as to whether or not school boards, in their quasi-corporate capacty, partake of the nature of municipal corporations wherein they may have certain proprietary functions, or are their functions purely governmental as an arm or branch of the state.

While it is true, as contended by counsel for plaintiff, that there is no reported case in Ohio identical in its facts with the instant case, yet we think there are several adjudicated cases wherein the principle announced is determinative of the case at bar.

The case of **Finch, by next friend v Board of Education of the City of Toledo, 30 Oh St, page 37,** is probably the leading case in Ohio, since we find it referred to and cited with approval in all subsequent Ohio decisions involving the kindred questions. The syllabus reads as follows:

"A board of education is not liable in its corporate capacity for damages for an injury resulting to a pupil while attending a common school, from its negligence in the discharge of its official duty in the erection and maintenance of a common school building under its charge, in the absence of a statute creating a liability."

On page 46, Judge Ashburn, speaking for the court, quoted the following from 1 Dillon on Municipal Corporations, §10:

"Civil corporations are of different grades or classes, but in essence and nature they must all be regarded as public. The school district, or road district, is invested with a corporate character, the better to perform within and for the locality, its special function, which is indicated by its name. It is but an instrumentality of the state, and the state incorporates it, that it may the more effectually discharge its appropriate duty; so with counties."

Also in the following paragraph attention is called to the distinguishing features between boards of education and municipal corporations.

"Owing to the very limited number of corporate powers conferred on them, boards of education rank low in the grade of corporate existence, and hence are properly denominated quasi corporations. This designation distinguishes this grade of corporations from municipal corporations, such as cities and towns acting under charters or incorporating statutes, which are vested with more extended powers and a larger measure of corporate life. This superior grade, from the nature of their organization, benefits received, and power to raise needed funds, are held responsible, by the common law, for private personal injuries caused by their own negligence or that of their servants, whilst the inferior grade of public quasi corporations are liable for damages resulting from their negligence, only where made so by express legislation. This grade includes the defendant. It possesses but limited powers and small corporate life."

Also from the same case on page 46:

"City and village school districts constitute a part of the state policy in promoting and fostering common schools, and have become state agencies in the school system of education contemplated in the constitution."

In this case of Finch v Board of Education, supra, a young girl pupil fell into an unguarded area way and was severely injured. The case was determined upon demurrer. The petition unquestionably stated a cause of action, except on the theory that the board of education could not be held to respond in damages because it was a governmental agency.

Counsel for plaintiff seek to distinguish this case in that the law creating the Toledo School District and granting its powers was a type of what was known as the Akron school law, which differed in some particulars from the general school law. We are unable to find anything in the report of the case through which it could be said that the determination was based on any variation from the general law. Neith-

er call we distinguish the principle on the fact that in the instant case the injured person paid an admission fee, whereas in the reported case a pupil was injured.

Attention is also called to the top of page 46 of the opinion wherein Judge Ashburn makes the following observation:

"No possible means appears, in the school laws, by which defendant, if liable for a tort, could provide a fund out of which to satisfy a judgment against it."

Reference is also made to §2293-3 GC wherein it is provided that if a subdivision is unable to pay final judgment rendered against it in an action for personal injuries and so forth, then such subdivision may issue bonds for payment, in providing funds with which to pay the amount.

An examination of this section and others in the chapter, will disclose that it is general in its application, and while the word subdivision might include a board of education, yet this section, standing alone, can not create a liability where none otherwise exists. The section does have practical application as to judgments against counties where the action arises under statute, or against municipalities where liable either under the common law or under statute.

The case of **Board of Education v Volk, 72 Oh St, 469,** is also cited. In this case, Volk sought to recover damages from the board of education for wrongfully and negligently carrying the excavation for its building below the statutory depth of nine feet, thereby undermining and injuring the foundation and walls of the building owned by Volk. The board of education demurred to the petition on the ground that the plaintiff did not have the capacity to sue the defendant, and, further, that the petition did not state a cause of action.

The demurrer was overruled, verdict returned for the plaintiff, motion for new trial overruled, and judgment entered on the verdict. This judgment was reversed by the Supreme Court.

The opinion of Judge Price is very enlightening. We quote from page 480:

"School districts are organized to promote education and carry into effect the provision of §2 of **article 6 of our State Constitution.** It says 'the general assembly shall make such provisions by taxation, or otherwise, as with the income arising from the school trust fund, will secure a thorough and efficient system of common schools throughout the state.' Boards of education for these school districts, are arms or agencies of the state for the promotion of education throughout the state, while 'municipal corporations are called into existence, either at the direct solicitation or by the free consent of the people who compose them'."

On page 485, speaking of title to school grounds:

"It is not the private property of the board, but it is authorized to hold it for the state for the promotion and advancement of the education of the youth of the commonwealth, and its control is limited according to the will of the sovereign power. The board is a mere instrumentality of the state to accomplish its purpose in establishing and carrying forward a system of common schools throughout the state. As heretofore stated, these boards are but arms of the sovereign, the state, and the latter has neither authorized, nor permitted, by any law, its agents to be sued for tort to either person or property."

Also on page 479:

"It may contract and be contracted with but a contract not authorized by statute is ultra vires and can not be enforced, although the board is capable of suing and being sued. It has no power to bind the school district which it represents on contracts not authorized by law, and it has been so held repeatedly. If it can not bind the district by such contracts, how can it be bound for unauthorized torts of the board?"

In the case of **Board of Education v McHenry, Jr., 106 Oh St, page 357,** the judgment of the lower court was reversed and liability of the board of education for tort was denied.

The same principle is announced in the case of **Conrad, a minor, v Board of Education of Ridgeville Township, 29 Oh Ap 317 (6 Abs 700).**

We have examined the many cases cited by counsel for plaintiff from jurisdiction outside of Ohio, principally from the courts of last resort of the state of New York. We find the statute of New York very different from ours, but regardless of whether the New York courts ground their findings of liability on the common law or the statute, we can not follow the decisions of other jurisdictions when it is our conclusion that the question is stare decisis under the decisions of the Supreme Court in this state.

We find no error in the findings and judgment of the court below, and therefore

the judgment will be affirmed, and costs awarded against plaintiff in error. Exceptions will be allowed.

HORNBECK, PJ, and SHERICK, J, concur.